# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 06-2661

OTAR SHARASHIDZE,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

---

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A77-857-926

---

ARGUED FEBRUARY 16, 2007—DECIDED MARCH 16, 2007

---

Before FLAUM, RIPPLE, and ROVNER, *Circuit Judges.*

FLAUM, *Circuit Judge.* In October 2002, Otar Sharashidze, an asylee from Georgia, was convicted of indecent solicitation of a sex act, an Illinois misdemeanor under 720 ILCS 5/11-14.1. Sharashidze's conviction triggered removal proceedings against him in immigration court. In January 2006, an immigration judge ("IJ") determined that Sharashidze's offense constituted an aggravated felony within the meaning of the Immigration and Nationality Act ("INA") because it involved a minor, thus rendering Sharashidze deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Accordingly, the IJ terminated Sharashidze's

asylee status and denied his pending application for adjustment of status. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision, and Sharashidze appeals. For the following reasons, we deny the petition for review.

## I. Background

Otar Sharashidze is a native and citizen of Georgia. On March 31, 1999, he legally entered the United States as a non-immigrant. On November 25, 1999, the Immigration and Naturalization Service granted him asylum.[1] In July 2002, Sharashidze was arrested and charged with indecent solicitation of a sex act, a misdemeanor offense under 720 ILCS 5/11-14.1.[2] The criminal complaint against Sharashidze stated that he "offered Evelyn M. Aguila[,] a person not his spouse[,] mother of [child's name,] a child under 13 yrs of age, $20.00 USC, to allow him to have sexual contact with same for the purpose of his sexual gratification or arousal." The complaint listed the complainant's name as "Evelyn Aguila for [child's name]." On October 18, 2002, the trial court convicted Sharashidze of

---

[1] Documents related to Sharashidze's asylum grant have been filed under seal.

[2] The Illinois statute pursuant to which Sharashidze was charged provides:

> Any person who offers a person not his or her spouse any money, property, token, object, or article or anything of value to perform any act of sexual penetration as defined in Section 12-12 of this Code, or any touching, or fondling of the sex organs of one person by another person for the purpose of sexual arousal or gratification, commits the offense of solicitation of a sexual act.

720 ILCS 5/11-14.1(a).

the charged offense. He was sentenced to 18 months of probation, which he successfully completed on April 16, 2004.

On July 21, 2005, the Department of Homeland Security ("DHS") issued Sharashidze a Notice to Appear, alleging that Sharashidze's conviction rendered him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he committed an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(A) (classifying sexual abuse of a minor as an aggravated felony). It also charged that Sharashidze was deportable under 8 U.S.C. § 1227(a)(2)(E)(I) because he committed a crime of child abuse.

Sharashidze contested the charges of deportability, arguing that his criminal offense did not involve a minor. In rebuttal, DHS filed copies of the criminal complaint, a certified statement of conviction, and a May 26, 2005 Illinois Appellate Court decision that affirmed Sharashidze's conviction and summarized the trial testimony.[3] The IJ considered the evidence, including the

---

[3] In *People v. Sharashidze*, No. 1-03-2102 (Ill. App. Ct. Order June 29, 2005), the Illinois Appellate Court summarized the testimony of complaining witness Evelyn M. Aguila. According to the summary, Aguila and her seven-year-old son entered Sharashidze's convenience store on July 26, 2002. After Aguila engaged Sharashidze in small talk, he gave her son some free candy. Aguila informed Sharashidze she was job hunting, and Sharashidze asked if she needed money. After Aguila replied "no, thank you," Sharashidze told her he'd give her $20, wrote the amount on a scratch pad, said "have sex," and motioned to himself and Aguila's son. Sharashidze then said, "Please, please, $20," but Aguila refused, and Sharashidze continued pleading for "just two minutes." Aguila fled the store with her son, and Sharashidze

(continued...)

Illinois Appellate Court decision, and concluded that Sharashidze's conviction constituted an aggravated felony because the victim was a minor. The IJ also terminated Sharashidze's asylee status, finding that there were "no countervailing factors that militate against termination." As a result of his terminated asylee status, Sharashidze was no longer eligible for discretionary relief he had requested under 8 U.S.C. § 1159(b), which permits asylees to adjust their status to that of permanent resident.

Sharashidze appealed the IJ's decision to the BIA, claiming that the IJ improperly relied on the Illinois Appellate Court decision, the IJ improperly found that Sharashidze was convicted of soliciting a minor, and the IJ should have considered his eligibility for adjustment of status. The BIA affirmed the IJ's decision, but based its determination that the victim of Sharashidze's offense was a minor on the complaint alone. Sharashidze appeals the BIA's order.

## II. Discussion

Sharashidze makes two primary claims on appeal. First, he contends that his conviction should not have been classified as an aggravated felony because the government offered insufficient evidence that the offense involved a minor. Second, Sharashidze argues that the IJ denied him due process by failing to conduct a hearing on his eligibility for discretionary relief.

---

[3] (...continued)
followed them around the corner. Aguila contacted the police, who subsequently arrested Sharashidze. *Id.* at 2-3.

### A.  Aggravated Felony Classification

The IJ found, and the BIA agreed, that Sharashidze's conviction constituted 1) sexual abuse of a minor, 2) attempted sexual abuse of a minor, and 3) child abuse—all aggravated felonies within the meaning of the INA. Sharashidze challenges each finding based on the same argument: that the record of conviction did not clearly identify the intended target of his solicitation.[4]

Where, as here, the BIA supplements the IJ's decision, we review the two decisions together. *Gjerazi v. Gonzales*, 435 F.3d 800, 807 (7th Cir. 2006). We must uphold the BIA's determination that the conviction involved a minor so long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."

---

[4] Sharashidze also contends that, even if his offense did involve a minor, his conviction should not be categorized as an aggravated felony. Ordinarily, we review de novo the classification of an offense as an aggravated felony, giving deference to the BIA's reasonable interpretation of the INA. *See Marquez v. INS*, 105 F.3d 374, 378 (7th Cir. 1997). However, any significant inquiry into the issue is foreclosed by our decision in *Gattem v. Gonzales*, which held that solicitation of sexual contact with a minor in violation of the statute under which Sharashidze was convicted constitutes an aggravated felony. 412 F.3d 758, 765 (7th Cir. 2005). Sharashidze attempts to distinguish *Gattem* because the petitioner in that case directly solicited a minor whereas Sharashidze is accused of soliciting a minor through the child's mother. Although he correctly observes that direct solicitation of a minor presents an inherent risk of exploitation because minors as a group have a less developed sense of judgment, *see Gattem*, 412 F.3d at 765, the presence of an intermediary for the solicitation is a dubious basis for distinction.

*INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation and citation omitted).

The statute that Sharashidze violated is divisible, meaning that it covers both solicitation of sexual acts from adults (conduct that is not an aggravated felony under the INA) and solicitation of sexual acts from minors (conduct that constitutes an aggravated felony under *Gattem*). Where a statute is divisible, courts may look to the record of conviction to determine the factual basis of the offense. *See Gattem*, 412 F.3d at 765. Under the INA, the record of conviction includes, among other things, the complaint, the judgment, and any document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction. 8 U.S.C. § 1229a(c)(3)(B). Sharashidze argues that the record of conviction does not reveal whether Sharashidze solicited a sex act from Evelyn Aguila or her minor son.[5]

The complaint identifies the complainant as "Evelyn M. Aguila for [son's name]." This language indicates that the actual complainant, i.e., the victim, was the minor child. Moreover, although the complaint's charge—that Sharashidze "offered Evelyn M Aguila . . . mother of [child's name,] a child under 13 years of age, $20.00 USC, to allow him to have sexual contact with same . . ."—uses

---

[5] Sharashidze also contends that the IJ's consideration of the Illinois Appellate Court decision was improper. The BIA did not rely on the Illinois Appellate Court decision because it found that the complaint alone supported a finding that Sharashidze's conviction "involved a minor." Because we agree with the BIA that the complaint provided sufficient evidence that Sharashidze targeted a minor, we need not address whether the INA's definition of "record of conviction" encompasses appellate court decisions.

the ambiguous phrase "with same," any logical interpretation of the phrase reveals that it refers to the minor child. First, within the sentence, the phrase's closest antecedent is "[child's name]." Second, if the complaint charged Sharashidze with soliciting a sexual act from Evelyn Aguila, it would be completely unnecessary to mention her minor son. We therefore conclude that substantial evidence supports the BIA's finding that the minor child was the intended victim of the solicitation.

### B. Due Process Claim

Because Sharashidze's conviction constituted an aggravated felony under the INA, this Court retains only limited jurisdiction to review the BIA's final order of removal. *See* 8 U.S.C. § 1252(a)(2)(C) (stating that no court shall have jurisdiction to review any final order of removal against an alien who is removable for having committed an aggravated felony). Specifically, this Court may consider constitutional claims and questions of law raised in proper petitions for review. *See* 8 U.S.C. § 1252(a)(2)(D); *Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 765 (7th Cir. 2005).

Sharashidze raises a due process claim, alleging that the IJ improperly denied him the opportunity to present evidence of countervailing equities that could be weighed against DHS's interest in deporting aggravated felons. *See, e.g.*, *In re K-A-,* 23 I & N Dec. 661, 665-66 (BIA 2004) (recognizing that an IJ may grant permanent resident status to an asylee convicted of an aggravated felony if the asylee demonstrates sufficient equities). Specifically, Sharashidze claims that the IJ denied him due process by concluding that there were no countervailing equities without conducting a subsequent hearing in which Sharashidze could offer evidence of such equities.

At the threshold, we must determine whether Sharashidze exhausted his due process claim in the immigration court. Although petitioners generally do not have to exhaust due process claims administratively, they must raise such claims below when alleging procedural errors correctable by the BIA. *See Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004).

Sharashidze argues that he raised his due process claim below and the BIA rejected it. He directs us to a sentence in his petition to the BIA seeking "remand to the immigration judge for reconsideration of the discretionary determination to terminate appellant's asylum status rather than accept an application for adjustment of status." Upon closer inspection of his BIA petition, however, it is clear that Sharashidze did not complain to the Board about the lack of an additional hearing. Rather, his petition alleged that the IJ misconstrued the evidence and misunderstood the nature of his conviction. The petition did not refer to the IJ's failure to hold a hearing on the issue of countervailing equities, nor did it identify evidence of countervailing equities that Sharashidze would have presented at a hearing. In short, Sharashidze did not exhaust his due process claim, which means that this Court cannot review it. *See* 8 U.S.C. § 1252(d)(1) (noting that a court may review an agency's final order only if the alien has exhausted all administrative remedies as of right).

## III. CONCLUSION

For the foregoing reasons, we DENY the petition for review and DISMISS Sharashidze's due process claim for lack of jurisdiction.

No. 06-2661 9

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*