NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 18, 2007[*]
Decided April 18, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3744

| | |
|---|---|
| EMMANUEL ST. LOUIS JR., *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A46-466-675 |
| ALBERTO R. GONZALES, *Respondent*. | |

**O R D E R**

In 2006 an Immigration Judge ("IJ") ordered the removal of Emmanuel St. Louis, Jr., a native of Haiti, because he was an aggravated felon ineligible for relief from removal. The Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision. We dismiss St. Louis's petition for review of the BIA's order because we lack jurisdiction to address his claims.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

St. Louis entered the United States as a lawful permanent resident in 1997. He pleaded guilty in 2003 to a number of violations of Kentucky law—including wanton endangerment, KY. REV. STAT. ANN. § 508.060, fleeing or evading the police, *id.* § 520.095, and two counts of assault, *id.* § 508.030—and received a one-year sentence. The Department of Homeland Security instituted removal proceedings against him because his conviction for wanton endangerment constituted an aggravated felony. *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii); 18 U.S.C. § 16.

At his removal hearing, St. Louis conceded removability but, claiming to fear he would be tortured if returned to Haiti, he applied for deferral of removal under the United Nations Convention Against Torture ("CAT"), Dec. 10, 1984, 1465 U.N.T.S. 85, 113. According to St. Louis, while he was living with his uncle in Haiti in 1994, six or seven men attacked him, stabbing him in the stomach and beating him until he lost consciousness. St. Louis attributed the attack to enemies of his uncle, a well-known opponent of Haiti's former president Jean Bertrand Aristede, and said he feared he would be subject to similar attacks if returned to Haiti. He also claimed that he would likely be incarcerated if returned to Haiti after committing crimes abroad, and argued that prison conditions in Haiti were so poor that the likelihood of such incarceration constituted a likelihood of torture.

The IJ denied St. Louis's request for relief, finding that the record did not support his claim that he would be recognized, arrested, and tortured if returned to Haiti. The IJ also rejected St. Louis's CAT claim concerning prison conditions in Haiti on grounds that the BIA had already considered and rejected it. *See Matter of J-E-*, 23 I. & N. Dec. 291, 304 (BIA 2002).

On appeal, St. Louis challenges the IJ's rejection of his evidence that he is likely to be tortured if returned to Haiti, contending that the IJ failed to credit his testimony and that of his sister, ignored certain relevant statements in the State Department's country report, and misunderstood key political events that transpired in Haiti in 1994.

As a preliminary matter, however, we must ask whether we have jurisdiction to consider St. Louis's challenge. The Immigration and Nationality Act ("INA") generally prohibits us from reviewing the removal orders of aggravated felons such as St. Louis. *See* 8 U.S.C. § 1252(a)(2)(C); *Valere v. Gonzales*, 473 F.3d 757, 761 (7th Cir. 2007). Although we retain limited jurisdiction to review constitutional claims and questions of law, *see, e.g.*, 8 U.S.C. § 1252(a)(2)(C); *Sharashidze v. Gonzales*, No. 06-2661, 2007 WL 777666 (7th Cir. Mar. 16, 2007), St. Louis's argument that the IJ did not properly evaluate his evidence does not fall within the

ambit of § 1252(a)(2)(C)'s narrow exception. *See Petrov v. Gonzales*, 464 F.3d 800, 802 (7th Cir. 2006); *Hamid v. Gonzales*, 417 F.3d 642, 647 (7th Cir. 2005).

Accordingly, we DISMISS the petition for review.