# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2700

MIKHAIL GAISKOV                                                      *Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

                                                                    *Respondent.*

On Petition for Review of a Final Order of the
Board of Immigration Appeals.
No. A55 662 213

ARGUED APRIL 2, 2009—DECIDED MAY 28, 2009

Before BAUER, and FLAUM, *Circuit Judges*, and KAPALA,
*District Judge.**

FLAUM, *Circuit Judge.* Mikhail Gaiskov, a citizen of
Russia and permanent resident of the United States, seeks
review of a decision of the Board of Immigration Appeals
(the "Board" or "BIA") that determined that when

---

* Of the Northern District of Illinois, sitting by designation.

Gaiskov violated Ind. Code § 35-42-4-9(b), he engaged in "sexual abuse of a minor" and therefore committed an aggravated felony under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A) (the "INA"). That finding makes Gaiskov removable from the United States. *See* 8 U.S.C. § 1227(a)(2)(a)(iii). As explained below, the Board did not err in its conclusion that Gaiskov committed an aggravated felony. Accordingly, we deny Gaiskov's petition for review.

## I. Background

Petitioner Mikhail Gaiskov is a 22-year-old citizen of Russia and lawful permanent resident of the United States. On August 20, 2007 Gaiskov pleaded guilty to sexual misconduct with a minor in violation of Ind. Code § 35-42-4-9(b).[1] The Indiana statute provided:

> A person at least eighteen (18) years of age who with a
> child at least fourteen (14) years of age but less than

---

[1] The Information in the criminal case indicates that Gaiskov, who was twenty years old at the time of the crime, had sexual intercourse with a fourteen year old girl. There is no indication in the record of why Gaiskov was convicted under Ind. Code § 35-42-4-9(b), which criminalizes touching a minor with sexual intent, rather than Ind. Code § 35-42-4-9(a), which prohibits sexual intercourse with a minor. However, as explained below, in reviewing the Board's decision that Gaiskov's crime was an aggravated felony under the INA, we look only to the statute of conviction and not to the defendant's underlying conduct. *See Taylor v. United States*, 495 U.S. 575, 599-602 (1990).

sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with the intent to arouse or satisfy the sexual desires of either the child or the older person, commits sexual misconduct with a minor, a Class D felony.

Ind. Code § 35-42-4-9(b). Based on this conviction, the government issued a Notice to Appear alleging that Gaiskov was deportable as an alien convicted of an "aggravated felony," namely "sexual abuse of a minor." *See* 8 U.S.C. § 1101(a)(43)(A) (defining the term "aggravated felony" as "murder, rape, or sexual abuse of a minor"). In the course of the removal proceedings, Gaiskov admitted the fact of the conviction but contended that a conviction under the Indiana statute did not constitute sexual abuse of a minor as a matter of law. Specifically, Gaiskov argued that Ind. Code § 35-42-4-9(b) covered sexual misconduct that is broader than how the Board of Immigration appeals and this court have interpreted the term "sexual abuse of a minor."

On March 13, 2008 the immigration judge ("IJ") issued a written decision concluding that Gaiskov had been convicted of an offense involving "sexual abuse of a minor." At the outset, the IJ determined that the Board interpreted "sexual abuse of a minor" broadly, citing *Matter of Rodriguez-Rodriguez*, 22 I.&N. Dec. 991, 993-94 (B.I.A. 1999). Looking at the crime of conviction, the judge concluded that Gaiskov's conviction met the Board's definition of "sexual abuse of a minor" because its terms required that the touching be accompanied by the specific

intent to arouse or satisfy sexual desires. The immigration judge reasoned that this requirement precluded a person being convicted for "simple touching." As the immigration judge stated in his opinion, "the sexually exploitive nature of the touching makes the contact with the minor a criminal offense" that fit the definition of "sexual abuse of a minor."

Gaiskov appealed to the Board. On June 16, 2008 the Board issued a decision adopting and affirming the immigration judge's decision. In its brief supplementary analysis, the Board stated its belief that the law of the Seventh Circuit further foreclosed Gaiskov's contention that his crime of conviction did not constitute "sexual abuse of a minor." The instant petition followed.

## II. Discussion

Congress has stripped this court of jurisdiction to review an order removing an alien who commits an "aggravated felony," see 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii). Nevertheless, "we retain jurisdiction to consider the limited question of whether we have jurisdiction—that is, whether [Gaiskov] has been convicted of an aggravated felony under § 1101(a)(43)(A)." *Espinoza-Franco v. Ashcroft*, 394 F.3d 461, 464 (7th Cir. 2004) (citations omitted).

Because the Board's decision adopted and affirmed the IJ's conclusion as well as providing its own analysis, we review both decisions. *See Giday v. Gonzales*, 434 F.3d 543, 547 (7th Cir. 2006). We review the determination that

Gaiskov is removable because he is an aggravated felon de novo. *Guerrero-Perez v. INS*, 242 F.3d 727, 730 (7th Cir. 2001). However, in reviewing the Board's interpretation of the INA, "we defer to the BIA's interpretation of the statute it administers." *Id.*; *see also Draganova v. INS*, 82 F.3d 716, 720 (7th Cir. 1996) (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984)). We must defer to the BIA's construction "so long as it is 'consistent with the language and purposes of the statute.'" *Gattem v. Gonzales*, 412 F.3d 758, 763 (7th Cir. 2005) (quoting *INS v. Aguirre-Aguirre*, 526 U.S. 415, 426 (1999)).

The INA defines the term "aggravated felony" as "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). However, Congress has not further defined what crimes constitute "sexual abuse of a minor." The Attorney General, who is charged with the administration and enforcement of the INA, has delegated that task to the Board. *See Gattem*, 412 F.3d at 763. In *Matter of Rodriguez-Rodriguez*, the Board defined the term in a broad manner consistent with the definition contained in 18 U.S.C. § 3509(a), a statute concerning the rights of child victims and child witnesses in the context of federal proceedings. 22 I.&N. Dec. at 993-94. That statute defines "sexual abuse" as

> [T]he employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children[.]

18 U.S.C. § 3509. The Board believed that this broad definition was best able to reflect the full range of criminal conduct that can be understood to constitute sexual abuse of a minor. *See Rodriguez-Rodriguez*, 22 I.&N. Dec. at 996. But the Board also emphasized that it was using 18 U.S.C. § 3509 only as a guide and did not intend for it to be a "definitive standard" that fixed the outer boundaries of the term's meaning. *See Rodriguez-Rodriguez*, 22 I.&N. Dec. at 996. This court has concluded that the BIA's use of the broad definition found in 18 U.S.C. § 3509 as an interpretive touchstone is reasonable. *See Lara-Ruiz v. INS*, 241 F.3d 934, 941-42 (7th Cir. 2001); *Gattem*, 412 F.3d at 763-75 (approving of the Board's use of 18 U.S.C. § 3509 as an interpretive guide).

In this case, the immigration judge and Board determined that Gaiskov's offense was within the range of conduct that 18 U.S.C. § 3509 defines as sexual abuse and that Gaiskov was thus removable as an aggravated felon. To review that determination, we employ a "categorical approach." *See Gattem*, 412 F.3d at 765. That is, we compare the crime of conviction with the more generic term used in 8 U.S.C. § 1101(a)(43) and then determine whether the conduct required for a conviction would categorically constitute "sexual abuse of a minor."[2]

---

[2] In cases where a statute prohibits a broad range of conduct, some of which falls within the definition of "aggravated felony" and some which does not, courts have employed a "modified

(continued...)

*See Taylor v. United States*, 495 U.S. 575, 599-602 (1990).

To obtain a conviction under Ind. Code § 35-42-4-9(b), the government must prove (1) that the defendant was at least eighteen years old at the time of the offense, (2) that the defendant fondled or touched (or submitted to fondling or touching by) a fourteen or fifteen-year-old minor, and (3) that the defendant did so with the intent to arouse or satisfy his sexual desire or the sexual desire of the child. In analyzing the Board's finding that this offense constitutes sexual abuse of a minor, we note that this court has taken a broad view of that classification in the immigration context. In *Gattem v. Gonzales*, we held that the Board correctly determined that the petitioner's conviction for sexual solicitation qualified as a conviction for sexual abuse of a minor. 412 F.3d at 767. The statute in *Gattem*, 720 ILCS 5/11-14.1(a), did not require that the defendant physically touch the victim, let alone that the defendant touch the victim in a sexual manner. Nonetheless, we found that an adult's solicitation of a minor was abusive because it exploited the minor's vulnerability to "corrupt influences" and took

---

[2] (...continued)

categorical approach." *See Fernandez v. Mukasey*, 544 F.3d 862, 871 (7th Cir. 2008). Under the modified categorical approach, it is permissible for the court to examine the charging documents to ascertain whether the alien was convicted of conduct that falls within the federal deportation standard. *Id.* Here, we need not go beyond the statute because, as explained below, all of the prohibited conduct can reasonably be understood as "sexual abuse of a minor" under the INA.

advantage of the minor's "less well-developed sense of judgment." *Gattem*, 412 F.3d at 766 (there exists "an inherent risk of exploitation, if not coercion, when an adult solicits a minor to engage in sexual activity"); *see also Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 766 (7th Cir. 2005) (citing *Gattem* and holding that indecent solicitation of a child qualifies as an aggravated felony).

Like the crime in *Gattem*, the crime here exploits a minor's vulnerability and "less well-developed sense of judgment." *Gattem*, 412 F.3d at 766. An adult who touches a child with a sexual intent is, like the solicitor in *Gattem*, exploiting a person who "may well be incapable of fully appreciating the consequences of yielding" to the defendant's advances. *Id.* But the statute here contemplates even more serious sexual abuse because it requires that the adult touch the child with the intent to arouse or satisfy sexual desire. We first note that the youth of the victims of this crime could prevent the victims from giving effective consent to sexual touching, and sexual touching without consent is abusive. Moreover, the touching of a child with a sexual intent (as opposed to the use of words, as in *Gattem*) implicates risks which attend sexual conduct generally (e.g., pregnancy, sexual assault, and the contraction of sexually transmitted diseases), risks which a fourteen or fifteen-year-old minor is likely ill-equipped to appreciate or minimize. An adult's exploitation of a minor's naivete or lack of judgment can reasonably be understood as abusive. Thus, we can find no fault with the Board's conclusion that a conviction under Ind. Code § 35-42-4-9(b) is an aggravated felony.

Gaiskov contends that a conviction under the Indiana statute cannot be considered sexual abuse of a minor because the prohibited conduct includes touching that is too minor to constitute sexual abuse. Specifically, he argues that the Indiana statute does not fit within the definition for "sexual abuse of a minor" because it does not require the touching of specific sexual body parts. We find this argument unconvincing. First, as our decision in *Gattem* illustrates, touching, let alone the touching of sexual body parts, is not required for a crime to be classified as "sexual abuse of a minor." *See Gattem*, 412 F.3d at 760-61; *see also Bahar v. Ashcroft*, 264 F.3d 1309, 1310-13 (11th Cir. 2001) (holding that "taking indecent liberties" with a child under 16 for sexual gratification constitutes sexual abuse of a minor, even without physical contact). Second, Ind. Code § 35-42-4-9(b) does not prohibit innocent physical contact such as a hand shake or a hug. Rather, it requires the government to prove that the adult touched or fondled the child with "the intent to arouse or satisfy the sexual desires of either the child or the older person." Because the statute requires specific intent, purely innocuous touching is not criminalized. *See, e.g., Jewell v. State*, 877 N.E.2d 864, 870 (Ind. Ct. App. 2007) (noting touching and intent requirements); *Kirk v. State*, 797 N.E.2d 837, 841 (Ind. Ct. App. 2003) (discussing the intent requirement and finding it satisfied where the evidence showed that the defendant intentionally touched the minor victim's genitals).

Gaiskov also argues, in general, that a minor victim is not sufficiently harmed by the sexual misconduct prohibited by Ind. Code § 35-42-4-9(b) for it to constitute

sexual abuse. First, we reject Gaiskov's suggestion that a minor is not seriously harmed by the conduct prohibited in Ind. Code § 35-42-4-9(b). However, even if there was little harm to the minor associated with the crime, this would not foreclose its classification as an aggravated felony. In *Gattem*, the dissent criticized the majority for failing to consider the level of harm associated with the alien's failed attempt to solicit sex from the victim. *See Gattem*, 412 F.3d at 768-69 (Posner, J., dissenting) (noting that majority had not pointed to any adverse consequences resulting from the failed solicitation). We nonetheless held that the inherent risk of exploitation that accompanied the crime justified its classification as "sexual abuse of a minor." In this regard, the *Gattem* majority noted that the INA explicitly provides that inchoate offenses, such as attempt or conspiracy to commit the offenses identified as aggravated felonies, are themselves aggravated felonies under the statute, further supporting that a putative lack of harm to the minor is not dispositive. *See Gattem*, 412 F.3d at 766-67 (citing 8 U.S.C. § 1101(a)(43)(U)). We confirmed the rejection of a purely harm-based standard in *Sharashidze v. Gonzales*, 480 F.3d 566 (7th Cir. 2007). In that case, we determined that an alien's conviction for offering the mother of a minor $20 to have sex with her son constituted sexual abuse under the INA. *Id.* at 569. We concluded that the presence of the mother as an intermediary and the fact that there was no indication that the minor was even aware of the solicitation did not meaningfully distinguish the case from *Gattem* or indicate that the alien's crime could not qualify as "sexual abuse

of a minor." *Id.* at 568 n.4. *Gattem* and *Sharashidze* illustrate that even crimes that arguably do little lasting harm to minors can reasonably be categorized as aggravated felonies under the INA. Thus, we cannot credit Gaiskov's contention that the crime under review here, which exposes the minor to significant risk, is foreclosed from this classification because its impact is too slight.

Finally, it bears mentioning that our approval of the Board's finding is not undermined by this court's recent decision in *United States v. Osborne*, 551 F.3d 718 (7th Cir. 2009). While *Osborne* might at first blush appear to be in tension with our conclusion in this case, *Osborne*'s context distinguishes its result. The question in *Osborne* was whether the defendant's prior conviction under Ind. Code § 35-42-4-9(b) qualified as "sexual abuse" or "abusive sexual conduct involving a minor or ward" under 18 U.S.C. § 2252(b)(1) for sentencing purposes. *Osborne*, 551 F.3d at 719. If the prior conviction qualified, the defendant's sentence for his subsequent crime, possession and distribution of child pornography, would be significantly increased. *Id.* The district court found that the defendant's conviction was properly categorized as abusive but we vacated that ruling. *Id.* at 722. The *Osborne* court noted that Congress had not defined the relevant terms in § 2252, and decided that it was "best to say that, as a matter of federal law, sexual behavior is 'abusive' only if it is similar to one of the crimes denominated as a form of 'abuse' elsewhere in Title 18." *Id.* at 721. The *Osborne* court remanded for the district court to determine if the charging documents indicated that defendant had been convicted under Ind. Code § 35-42-4-

9(b) for conduct that was similar to one of the crimes denominated as abusive elsewhere in Title 18.[3] *Id.* at 722.

Here, we have a similarly undefined term in 8 U.S.C. § 1101(a)(43)(A), i.e., "sexual abuse of a minor." But, unlike *Osborne*, here we have a federal agency, the BIA, which has defined that term quite broadly. *See Rodriguez-Rodriguez*, 22 I.&N. Dec. at 993-94. The *Osborne* court did not owe deference to the district court's reasoning regarding the abusiveness of the crime, but we are bound to "defer to the BIA's interpretation of the statute it administers," *see Draganova*, 82 F.3d at 720, and have previously found the BIA's broad interpretation of the term "sexual abuse of a minor" to be reasonable. *See Lara-Ruiz*, 241 F.3d at 941-42. Moreover, this court has twice rejected the argument that an *Osborne*-type test must govern the determination of what is an aggravated felony under the INA. *See id.* (rejecting petitioner's argument that the Board must define the term "sexual abuse of a minor" with reference to the more narrow standards found elsewhere in the criminal code); *Espinoza-Franco*, 394 F.3d at 464-65 (stating that Congress intended the phrase "sexual abuse of a minor" to be interpreted broadly and echoing *Lara-Ruiz*'s holding that the phrase need not be limited to the narrower definitions of other provisions of the criminal code). Thus, *Osborne* is not an

---

[3] The court looked past the statute of conviction to the charging papers because it determined that the crime could be committed in ways that were similar and dissimilar to the other federal crimes that were denominated as abusive.

obstacle to our conclusion that the Board correctly catego-
rized Gaiskov's conviction for sexual misconduct as
sexual abuse of a minor for purposes of 8 U.S.C.
§ 1101(a)(43)(A) of the INA.[4]

Because Gaiskov is removable by reason of having
committed an aggravated felony, we have no jurisdic-
tion to further review the BIA's order of removal. *See*
8 U.S.C. § 1252(a)(2)(C); *Gattem*, 412 F.3d at 767.

## III. Conclusion

For the reasons explained above, we DENY the petition
for review.

---

[4] We note that even if *Osborne* provided the appropriate
standard in this case, Gaiskov's crime would constitute "sexual
abuse" under that test as well. Under *Osborne*'s test, sexual
intercourse between a twenty-year-old man and fourteen-year-
old girl (Gaiskov's underlying conduct, as shown by the
Information in the case) is "abusive" because it is similar to the
conduct prohibited in 18 U.S.C. § 2243, which prohibits inter-
course with a person between the ages of twelve and fifteen
who is at least four years younger than the defendant. *See
Osborne*, 551 F.3d at 720-21.