**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-2417**

———————————

AMJAD PERVEZ,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

———————————

**No. 12-2567**

———————————

AMJAD PERVEZ,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

———————————

**No. 13-1448**

———————————

AMJAD PERVEZ,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

_____

On Petitions for Review of Orders of the Board of Immigration
Appeals.

_____

Submitted:  October 29, 2013          Decided:  November 7, 2013

_____

Before WILKINSON, MOTZ, and KING, Circuit Judges.

_____

Petitions denied by unpublished per curiam opinion.

_____

David C. Drake, CARLINER & REMES, P.C., Washington, D.C., for
Petitioner.  Stuart F. Delery, Assistant Attorney General, Carl
H. McIntyre, Jr., Assistant Director, Christina J. Martin,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amjad Pervez, a native and citizen of Pakistan, petitions for review of orders of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order, denying his motion for reconsideration and denying his motion to reopen. We deny the petitions for review.

Pervez, who entered the United States as a lawful permanent resident, was found removable for having been convicted of an aggravated felony. See Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii). The aggravated felony of which he was convicted was attempted "indecent liberties with a child," in violation of Va. Code Ann. § 18.2-370, an offense relating the child sexual abuse. See INA § 101(a)(43)(A).

Under 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), this court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Pervez] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If we

3

are able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), the court can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Pervez concedes that he is an alien convicted of an aggravated felony. Thus, we have jurisdiction only to consider constitutional claims and questions of law. This limitation to our jurisdiction covers the Board's order of removal dismissing the appeal from the immigration judge's order as well as the Board's orders denying reconsideration and reopening. See Larngar v. Holder, 562 F.3d 71, 75 (1st Cir. 2009); Martinez-Maldonado v. Gonzales, 437 F.3d 679, 683 (7th Cir. 2006); Sarmadi v. INS, 121 F.3d 1319, 1321-22 (9th Cir. 1997) ("where Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn").

Pervez sought relief from removal by filing applications for asylum, withholding of removal and deferral of removal under the Convention Against Torture ("CAT"), claiming that as an Ahmadiyya Muslim, he will be persecuted in Pakistan. Under 8 U.S.C. § 1158(b)(2)(A)(ii) (2012), an alien convicted of a "particularly serious crime" is not eligible for asylum. An

4

aggravated felony conviction is a per se particularly serious crime for asylum purposes. See 8 U.S.C. § 1158(b)(2)(B)(i). Thus, because Pervez was convicted of an aggravated felony, the immigration judge correctly found he was not eligible for asylum.

Under 8 U.S.C. § 1231(b)(3)(B)(ii), (iv) (2012), an alien convicted of a particularly serious crime is also not eligible for withholding from removal. For withholding purposes, a particularly serious crime is an aggravated felony for which the aggregate sentence is at least five years. However, the Attorney General is not precluded from determining that notwithstanding the sentence, an alien has been convicted of a particularly serious crime for withholding purposes.

In this instance, Pervez's sentence was one day short of five years and thus, his conviction was not a per se particularly serious crime for withholding of removal purposes. Nevertheless, the immigration judge reviewed the indictment, the conviction and sentencing records and Pervez' testimony regarding his criminal conduct and determined that it was a particularly serious crime. See Matter of N-A-M-, 24 I. & N. Dec. 336, 342 (B.I.A. 2007). We conclude that the immigration judge and the Board engaged in a case-specific analysis and did not err as a matter of law to reach the finding that Pervez's

conviction was for a particularly serious crime.  While no child was actually harmed or even involved as a potential victim, a particularly serious crime does not have to be violent or potentially violent.  See Matter of R-A-M, 25 I. & N. Dec. 657, 662 (B.I.A. 2012).  In this instance, the Board and the immigration judge considered the nature of the conviction, the underlying facts, and the type of sentence imposed.  Gao v. Holder, 595 F.3d 549, 557 (4th Cir. 2010).  Thus, we find no legal error in the conclusion that Pervez is statutorily ineligible for withholding of removal.

In order to be granted deferral of removal under the CAT, Pervez must show that it is more likely than not that he will be tortured if he is removed to Pakistan.  8 C.F.R. § 1208.16(c)(2)(2013).  To state a prima facie case for relief under the CAT, Pervez must show that it is more likely than not that he will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1) (2013); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008).  He does not need to prove that the torture would be inflicted on account of a protected ground.  Dankam v. Gonzales, 495 F.3d 113, 116 (4th Cir. 2007).  While we generally review a

denial of relief under the CAT for substantial evidence, because Pervez is removable for having been convicted of an aggravated felony, we can only review constitutional claims and questions of law. See Mbea, 482 F.3d at 278.

Pervez contends that the Board erred as a matter of law denying his motion to reconsider in which he argued that the Board erred by not considering his claimed that he faced torture in Pakistan because he will be a criminal deportee. We conclude there was no error of law on the Board's part because the failure to consider the consequences of being a criminal deportee as it dismissed Pervez's appeal was because Pervez did not raise the issue on appeal. See 8 C.F.R. § 1003.3(b) (2013) (alien must identify the reasons for the appeal). We further conclude that the Board did not otherwise err as a matter of law when it denied Pervez's motion to reconsider.

Insofar as Pervez argues here that the immigration judge erred by not considering the consequences of Pervez's status as a criminal deportee if he is removed to Pakistan, we note that Pervez's failure to exhaust the issue on appeal deprives us of jurisdiction to review the issue. See 8 U.S.C. § 1252(d)(1) (2012); Massis v. Mukasey, 549 F.3d 631, 638–40 (4th Cir. 2008) (alien's failure to dispute an issue on appeal

7

to the Board constitutes a failure to exhaust administrative remedies barring judicial review).

We note that when the Board addressed the issue of the potential consequences of Pervez's criminal deportee status when it denied Pervez's motion to reopen, it was only doing so in order to determine if Pervez was prejudiced by counsel's failure to raise this issue during his merits hearing. Pervez's claim that the Board was implicitly acknowledging that it should have reviewed the issue in the order dismissing his appeal is not supported by the record. We have reviewed the record and conclude that the Board did not err as a matter of law by finding that Pervez was not prejudiced by counsel's failure to argue that it was more likely than not that he will be detained and tortured because he is a criminal deportee. The Board considered the affidavits filed in support of Pervez's motion, all of which came from persons living in the United States, and correctly concluded that the affiants did not show how they gained personal knowledge that Pervez will be detained as a criminal deportee upon his arrival in Pakistan. We note that the affiants' claims that Pervez will inevitably be detained and arrested upon his arrival in Pakistan is not supported by the objective evidence in the record. We further note that the Board did not err as a matter of law when it considered Shahid

8

Malik's statement. Contrary to Pervez's assertion, the Board did not simply ignore the statement. It did presume that the statement was submitted by an officer within an organization serving the Ahmadi community in the United States.

Pervez also contends that he was denied due process. In order to establish a due process violation during removal proceedings, Pervez must show "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008). Prejudice is shown if the defect "was likely to impact the results of the proceedings." Id. (internal quotation marks omitted). We conclude that Pervez failed to show that the denial of his motion to reopen was a due process violation.

Insofar as Pervez argues that the immigration judge denied him due process by failing to allow him to develop his claim under the CAT, we note that Pervez did not raise this issue on appeal to the Board. See Tall v. Mukasey, 517 F.3d 1115, 1120 (9th Cir. 2008) (opining that petitioner's particular due process claim required administrative exhaustion "because the [Board] could have provided a remedy if his complaints were found to be valid"); Sharashidze v. Gonzales, 480 F.3d 566, 570 (7th Cir. 2007) ("Although petitioners generally do not have to

9

exhaust due process claims administratively, they must raise such claims below when alleging procedural errors correctable by the [Board].").  We are thus without jurisdiction to review the claim.  <u>See</u> 8 U.S.C. § 1252(d)(1); <u>Massis</u>, 549 F.3d at 638–40.

Accordingly, we deny the petitions for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>