In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3198

GERARDO CORREA-DIAZ,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent*.

Petition for Review of a Final Administrative Removal Order
of the Department of Homeland Security.
No. A099-397-292

ARGUED JANUARY 17, 2018 — DECIDED JANUARY 31, 2018

Before FLAUM, EASTERBROOK, and BARRETT, *Circuit Judges*.

FLAUM, *Circuit Judge*. Petitioner, a citizen of Mexico, pleaded guilty in 2005 to two counts of Attempted Sexual Misconduct with a Minor, in violation of Indiana Code § 35-42-4-9(a) and (b), respectively. On August 17, 2016, the Department of Homeland Security issued a Final Administrative Removal Order based upon the § 35-42-4-9(a) conviction. Petitioner now seeks review. At issue is whether petitioner's

conviction amounts to "sexual abuse of a minor" and therefore constitutes an "aggravated felony" under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101(a)(43)(A). For the reasons that follow, we deny the petition for review.

## I. Background

Petitioner Gerardo Correa-Diaz was born in May 1986 and is a native and citizen of Mexico. He entered the United States as a minor without inspection, admission, or parole at an unknown place, and on an unknown date.

On September 7, 2004, when Correa-Diaz was eighteen years old, he was spotted in a car behind a school by a police officer on routine patrol. At the time, Correa-Diaz was with fourteen-year-old P.S. The police officer observed P.S. "lifting her head from the area of [Correa-Diaz's] driver's side seat." The officer then saw Correa-Diaz "pulling up and buckling his pants" and "an open condom wrapper on the driver's seat." Correa-Diaz was arrested on September 9, 2004.

Child Protective Services interviewed P.S. on November 1, 2004. She stated she had known Correa-Diaz for approximately three years. She called Correa-Diaz on September 7 and made plans to sneak out of her house and meet him. She indicated they went to the school, where they "started out talking and progressed to kissing and more." P.S. stated Correa-Diaz pulled down his pants, helped her pull down one leg of her pants, and was sitting on top of her and facing her. She stated he fondled her breasts and put a condom on his penis. She said his penis touched her vagina, but did not say whether penetration occurred. She also stated that on two prior, separate occasions, he had touched her breasts,

"grabbed her hand and put it on his penis," and touched her vagina outside of her clothing.

Police interviewed Correa-Diaz on November 9, 2004. He acknowledged that he and P.S. went to a park and listened to music, but maintained "nothing else happened." He also claimed that P.S. told him she was "almost 16."

On January 7, 2005, Indiana prosecutors filed multiple charges against Correa-Diaz. In relevant part, they included: (1) one count of Attempted Sexual Misconduct with a Minor (for attempted sexual intercourse)[1]; and (2) five counts of Sexual Misconduct with a Minor (for completed sexual contact, such as fondling, between Correa-Diaz and P.S.).[2] [3] Petitioner was sentenced to two years' imprisonment on the attempted sexual intercourse charge and six months' imprisonment on

---

[1] In 2005, Indiana Code § 35-42-4-9(a) provided, in relevant part:
> (a) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony.

[2] In 2005, Indiana Code § 35-42-4-9(b) provided, in relevant part:
> (b) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits sexual misconduct with a minor, a Class D felony.

[3] In 2007, the Indiana General Assembly amended Indiana Code § 35-42-4-9 to include an affirmative defense, colloquially known as the "Romeo and Juliet" exception, for persons not more than four years older than a purported victim. *See* 2007 Ind. Legis. Serv. 216-2007, § 45 (West).

the sexual contact charge, to run concurrently. Over the objection of the state, the court suspended Correa-Diaz's sentence. Correa-Diaz complied with the order to register as a sex offender.

In 2015, Correa-Diaz was arrested by Lafayette, Indiana police and charged with failure to register as a sex offender, false informing, and synthetic identity deception. These charges were dismissed in February 2016, and Correa-Diaz pleaded guilty to counterfeiting in violation of Indiana Code § 35-43-5-2(a)(2)(A). He was sentenced to 730 days' imprisonment (with 550 days suspended and credit for 180 days of time served), and one year of supervised probation.

In May 2016, immigration authorities interviewed Correa-Diaz and lodged an immigration detainer with Indiana authorities. On July 19, 2016, the Department of Homeland Security ("DHS") served Correa-Diaz with a Notice of Intent to Issue a Final Administrative Removal Order. The Notice charged Correa-Diaz as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(A). The aggravated felony was based upon Correa-Diaz's 2005 conviction for Attempted Sexual Misconduct with P.S.[4] On August 3, 2016, DHS found Correa-Diaz removable as charged and ordered him removed to Mexico.

Correa-Diaz timely filed a petition for review and motion for a stay of removal on August 17, 2016. We issued a tempo-

---

[4] Correa-Diaz was not charged as removable for his other 2005 conviction for sexual misconduct with P.S. or his 2016 conviction for counterfeiting.

rary stay of removal on November 10, 2016, pending the Supreme Court's resolution of *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017). On February 3, 2017, while *Esquivel-Quintana* was pending, Correa-Diaz filed a motion to vacate his stay of removal, indicating he "had been detained for more than 250 days and no longer wishe[d] to be detained." We granted this motion, and Correa-Diaz was removed to Mexico. The Supreme Court decided *Esquivel-Quintana* on May 30, 2017.

## II. Discussion

We lack jurisdiction "to review an order removing an alien who commits an 'aggravated felony.'" *Gaiskov v. Holder*, 567 F.3d 832, 835 (7th Cir. 2009). However, we do have jurisdiction "to consider the limited question of whether we have jurisdiction—that is, whether [Correa-Diaz] has been convicted of an aggravated felony under § 1101(a)(43)(A)." *Id.* (quoting *Espinoza-Franco v. Ashcroft*, 394 F.3d 461, 464 (7th Cir. 2004)). We review de novo "the determination that [Correa-Diaz] is removable because he is an aggravated felon." *Id.*

The INA defines "aggravated felony" as "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Congress did not further delineate which actions fall under the umbrella of "sexual abuse of a minor." However, the Attorney General, acting through the Board of Immigration Appeals ("Board" or "BIA"), has defined the term in a manner consistent with 18 U.S.C. § 3509(a)(8), a statute that concerns the rights of child victims and child witnesses in federal proceedings. *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 993–96 (B.I.A. 1999); *see also Gaiskov*, 567 F.3d at 835. That section defines "sexual abuse" to include "the employment, use, per-

suasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." 18 U.S.C. § 3509(a)(8).

### A. *Chevron* Deference

In reviewing the BIA's interpretation of the INA, we accord deference to the agency if the matter involves an ambiguous section of the statute. *Velasco-Giron v. Holder*, 773 F.3d 774, 776 (7th Cir. 2014) ("When resolving ambiguities in the Immigration and Nationality Act … the Board has the benefit of [*Chevron* deference], under which the judiciary must respect an agency's reasonable resolution." (citing *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984))).

Indeed, we have held on multiple occasions that the Board's interpretation of "sexual abuse of a minor" under § 1101(a)(43)(A) is ambiguous and entitled to deference. *See Velasco-Giron*, 773 F.3d at 776 ("We have considered the Board's approach to 'sexual abuse of a minor' five times, and each time we have held that *Rodriguez-Rodriguez* takes a reasonable approach to the issue.") (collecting cases); *Gaiskov*, 567 F.3d at 835 ("This court has concluded that the BIA's use of the broad definition found in 18 U.S.C. § 3509 as an interpretive touchstone is reasonable."); *Gattem v. Gonzales,* 412 F.3d 758, 763–65 (7th Cir. 2005).

Correa-Diaz argues that *Chevron* deference is not appropriate for two reasons. First, he cites the Supreme Court's decision in *Christensen v. Harris County* for the proposition that agency interpretations "such as those in opinion letters—like

interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference." *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000). However, we evaluated the same argument in *Velasco-Giron*, where we noted that "*Christensen* is a precursor of *United States v. Mead Corp.*, 533 U.S. 218 (2001), which concluded that only regulations and administrative adjudications come within *Chevron*." 773 F.3d at 777. We held that, under this rubric, "*Rodriguez-Rodriguez* is an administrative adjudication with precedential effect; it is part of *Chevron*'s domain." *Id.* Thus, Correa-Diaz's first argument fails.

Correa-Diaz next argues that *Esquivel-Quintana* called the ambiguity of "sexual abuse of a minor" into question. We disagree. In *Esquivel-Quintana*, the Supreme Court considered whether a conviction under California Penal Code § 261.5(c) qualified as sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A). 137 S. Ct. at 1567. The statute in question criminalized consensual sexual intercourse with a person under the age of eighteen if the victim was "more than three years younger than the perpetrator." *Id.* (quoting Cal. Penal Code § 261.5(c)). Both an immigration judge and the BIA concluded that a conviction under the statute qualified as sexual abuse of a minor pursuant to 8 U.S.C. § 1101(a)(43)(A). *Id.*

On appeal, the Supreme Court reversed. The Court ruled that *Chevron* deference did not apply because § 1101(a)(43)(A), "read in context, unambiguously foreclose[d] the Board's interpretation." *Id.* at 1572. Specifically, the Court noted that the California statute "focused solely on the age of the participants." *Id.* In other words, the statute fell into the category of statutory rape laws which "generally provide that an older

person may not engage in sexual intercourse with a younger person under a specified age, known as the 'age of consent.'" *Id.* at 1569. Using "normal tools of statutory interpretation"—including evaluating the dictionary definitions of "sexual abuse," the structure of the statute, and its surrounding provisions—the Court held that for purposes of § 1101(a)(43)(A), "for a statutory rape offense to qualify as sexual abuse of a minor under the INA based solely on the age of the participants, the victim must be younger than 16." *Id.* at 1569–70.

Notably, however, the Court declined to rule more broadly on the generic federal definition. The Court left "for another day whether the generic offense requires a particular age differential between the victim and the perpetrator, and whether the generic offense encompasses sexual intercourse involving victims over the age of 16 that is abusive because of the nature of the relationship between the participants." *Id.* at 1572.

Correa-Diaz argues that *Esquivel-Quintana* "directly overrules this Court's precedent in *Velasco-Giron*" and calls into question the entire *Chevron* analysis in the cases leading up to it. Not so. *Chevron*'s "first step" requires Congress to speak on the "precise question at issue." *Coyomani-Cielo v. Holder*, 758 F.3d 908, 912 (7th Cir. 2014); *see also Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2124–25 (2016) ("At the first step, a court must determine whether Congress has 'directly spoken to the *precise* question at issue.'"(emphasis added) (quoting *Chevron*, 467 U.S. at 842)). *Esquivel-Quintana* holds that we are not to give deference as to one precise question: the definition of "minor" under § 1101(a)(43)(A) in the context of statutory rape offenses focused solely on the age of the participants.

The "precise issue" here is different. Correa-Diaz argues that attempted sexual intercourse between an almost sixteen

year-old and an eighteen year-old—as the Indiana Code previously outlawed—does not constitute "sexual abuse." Indeed, *Esquivel-Quintana* explicitly reserved this question for another day. 137 S. Ct. at 1572 ("We leave for another day whether the generic offense requires a particular age differential between the victim and the perpetrator . … "). Thus, we do not believe *Esquivel-Quintana's* limited holding overruled all of this Court's previous decisions deferring to BIA's interpretation of "sexual abuse of a minor."

### B.  Department of Homeland Security Determination

In this case, DHS determined that, because Correa-Diaz's offense for Attempted Sexual Misconduct with a Minor constituted sexual abuse of a minor under § 1101(a)(43)(A), he was removable as an aggravated felon. To review that determination, we employ a "categorical approach." *Gaiskov*, 567 F.3d at 835. This means we do not look at Correa-Diaz's individual conduct or the underlying facts. *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) ("How a given defendant actually perpetrated the crime … makes no difference … ." (citation omitted)). Rather, "we compare the crime of conviction with the more generic term used in 8 U.S.C. § 1101(a)(43) and then determine whether the conduct required for a conviction would categorically constitute 'sexual abuse of a minor.'" *Gaiskov*, 567 F.3d at 835–36.

The categorical approach requires us to "focus on the minimum conduct criminalized by the state statute." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). Here, the Indiana statute under which Correa-Diaz was convicted prohibited a "person at least eighteen (18) years of age" from "perform[ing] or submit[ing] to sexual intercourse or deviate sexual conduct" with

"a child at least fourteen (14) years of age but less than sixteen (16) years of age." Ind. Code § 35-42-4-9(a) (2005).[5]

Because § 35-42-4-9(a) constitutes a statutory rape offense—focused solely on the age of the participants— § 1101(a)(43)(A) (as interpreted by *Esquivel-Quintana*) requires the age of the victim to be less than sixteen. That condition is clearly satisfied here, since the statute explicitly required the victim to be less than sixteen.

That leaves whether "perform[ing] or submit[ing] to sexual intercourse or deviate sexual conduct" constitutes "sexual abuse." Because *Esquivel-Quintana* does not address that issue, and our past precedent recognizes "sexual abuse" as ambiguous, we defer to the Board's interpretation. That definition requires "[t]he employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." *Rodriguez-Rodriguez*, 22 I. & N. Dec. at 991 (quoting 18 U.S.C. § 3509(a)(8)).

We hold that conduct prohibited by § 35-42-4-9(a) falls under this umbrella. When determining whether an offense constitutes sexual abuse, "this court has taken a broad view of that classification in the immigration context." *Gaiskov*, 567 F.3d at 836. Indeed, in *Gaiskov*, we found that § 35-42-4-9(b) constituted an aggravated felony under § 1101(a)(43)(A). That provision only criminalizes "fondling or touching … with the

---

[5] Correa-Diaz's conviction for attempted sexual misconduct does not bar a finding that the conviction constitutes an aggravated felony. "[T]he INA explicitly provides that inchoate offenses, such as attempt or conspiracy to commit the offenses identified as aggravated felonies, are themselves aggravated felonies under the statute." *Gaiskov*, 567 F.3d at 837.

intent to arouse." *Id.* Given that section (a) criminalizes the more aggravated behavior of sexual intercourse, it warrants similar treatment.

Moreover, sexual intercourse between a child under sixteen years of age and an eighteen-year-old adult involves the same "inherent risk of exploitation, if not coercion" that we cited in *Gattem*. 412 F.3d at 765. As we stated in that case, "[m]inors as a group have a less well-developed sense of judgment than adults, and thus are at greater peril of making choices that are not in their own best interests." *Id.* As a result, sexual intercourse "implicates risks which attend sexual conduct generally (e.g., pregnancy, sexual assault, and the contraction of sexually transmitted diseases), risks which a fourteen or fifteen-year-old minor is likely ill-equipped to appreciate or minimize." *Gaiskov*, 567 F.3d at 836. Thus, "[a]n adult's exploitation of a minor's naivete or lack of judgment" in this area "can reasonably be understood as abusive." *Id.*

Correa-Diaz argues the risk of exploitation diminishes "as the age of the minor and that of the perpetrator become closer and closer." That may be true at some level, but not under the Indiana statute, where the ages of the victim and perpetrator must be separated by at least two years[6]—a significant span in the context of adolescent development. Thus, Correa-Diaz's conviction for Attempted Sexual Misconduct with a Minor falls well within the bounds of "sexual abuse of a minor" under § 1101(a)(43)(A).

---

[6] And it is not true in this case, where the victim and the perpetrator were separated by four years.

### III. Conclusion

For the foregoing reasons, we DENY the petition for review.