In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 07-2611

OTAR SHARASHIDZE,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A77-857-926

_____

ARGUED JUNE 4, 2008—DECIDED SEPTEMBER 8, 2008

_____

Before BAUER, WOOD, and WILLIAMS, *Circuit Judges.*

WOOD, *Circuit Judge.* Otar Sharashidze is a native
of Georgia (the country in the Caucasus, not the U.S.
state) who was given asylum in the United States on
October 25, 1999. Less than three years later, Sharashidze
was charged with and convicted of indecent solicitation
of a sex act from a minor—a crime punishable as a mis-
demeanor under Illinois law, see 720 ILCS 5/11-14.1, but

considered an aggravated felony for immigration purposes, see 8 U.S.C. § 1101(a)(43)(A). Because he had committed an aggravated felony, Sharashidze was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii). On January 26, 2006, an Immigration Judge (IJ) found Sharashidze removable and terminated his grant of asylum, thereby rendering him ineligible to adjust his status to that of a permanent resident.

Sharashidze appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA affirmed on May 25, 2006, and this court denied his petition for review on March 16, 2007, at the same time dismissing his due process claim for failure to exhaust. See generally *Sharashidze v. Gonzales*, 480 F.3d 566, 570 (7th Cir. 2007). Although Sharashidze wanted to assert that the IJ did not allow him to present evidence regarding the "countervailing equities" against removing him from the United States, he did not make that argument until too late.

On May 8, 2007, Sharashidze moved to reopen the proceedings on the ground of ineffectiveness of counsel; he also presented an argument for withholding removal under the Convention Against Torture (CAT). This petition was untimely, but Sharashidze argued that he was entitled under principles of equitable tolling to have the time while his earlier petition for review was pending in this court disregarded. The BIA denied this motion on June 12, 2007, concluding that Sharashidze was not diligent enough to deserve equitable tolling, that it would not reopen the proceedings on its own, and that there were no changed circumstances in Georgia to warrant a dif-

ferent disposition of his case. Sharashidze petitioned for review on July 11, 2007.

Sharashidze's petition suffers from multiple jurisdictional defects. Regardless of the merits of his complaints about the earlier process he received, we must dismiss his petition for want of jurisdiction.

Initially, we must identify the issues that are properly before this court. This court may entertain petitions for review from final orders of removal, including denials of motions to reopen, 8 U.S.C. § 1252(a); if the petitioner is removable as an aggravated felon, however, that review is limited to consideration of jurisdiction, constitutional issues, and issues of law, 8 U.S.C. § 1252(a)(2)(C) & (D). Here, the only decision that we may review is the June 12, 2007, denial of Sharashidze's motion to reopen. We therefore have nothing to say about the arguments that Sharashidze has presented, and we have already rejected, that reach back to the claims he asserted against the IJ in his petition challenging the revocation of his asylee status and the denial of his application for adjustment of status. See *Sharashidze*, 480 F.3d at 570.

Sharashidze argues that the fact that he is arguing that his due process rights were violated somehow exempts him from the ordinary time limits that apply, but he is wrong: 8 U.S.C. § 1252(a)(2)(D), which authorizes this court to decide constitutional claims and questions of law, is explicitly constrained by the 30-day time limit in § 1252(b)(1). See *Hussain v. Keisler*, 505 F.3d 779, 784 (7th Cir. 2007) ("Section 1252(a)(2)(D) plainly states that other limitations on judicial review in 'this section'—that is,

section 1252—still apply."). Unless some other principle confers jurisdiction upon this court, we may review the denial of the motion to reopen (and only for legal, jurisdictional, and constitutional error) but not the underlying denial of the petition for review of the IJ's decision. See *Asere v. Gonzales*, 439 F.3d 378, 380-81 (7th Cir. 2006).

The jurisdictional bar against factual arguments defeats most of Sharashidze's other arguments. See *Kucana v. Mukasey,* No. 07-1002, 2008 WL 2639039 (7th Cir. July 7, 2008). To the extent we have jurisdiction to review any of these claims, it is only for legal error of the kind we have already described.

First, Sharashidze argues that the BIA incorrectly failed to grant him equitable tolling because an appeal was pending before this court. His petition for review of the removal order was denied on May 25, 2006, and he filed his motion to reopen almost a year later, on May 8, 2007. The usual time limit is 90 days, see 8 U.S.C. § 1229a(c)(7)(A) & (C)(i). Sharashidze says that the clock should start from this court's disposition of his appeal on March 16, 2007, which would bring his petition within the 90-day limit.

Equitable tolling is fundamentally about diligence, not waiting out administrative processes. We will not comment directly on whether Sharashidze was diligent, because that is a matter of fact that is outside this court's jurisdiction. See *Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006); 8 U.S.C. § 1252(a)(2)(C). Pressed at oral argument to articulate exactly what legal questions are presented in the current petition, Sharashidze's counsel was unable to help us. Sharashidze did not have to wait until

this court ruled to know whether his lawyer had or had not properly filed documents as early as nine months earlier: the facts substantiating his claim should have been available much earlier than March 2007. Aside from a frivolous due process argument, Sharashidze suggests no legal norm that the BIA violated.

Sharashidze argues that changed conditions in his home country of Georgia justify reopening the proceedings. Petitioners may raise changed country conditions regardless of the 90-day deadline "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). But once again, this is a question of fact that is beyond review by this court. See *Patel*, 442 F.3d at 1016; 8 U.S.C. § 1252(a)(2)(C).

Whether or not the IJ cut some corners in regard to Sharashidze's right to present evidence on the countervailing equities is also a question we cannot reach. Sharashidze waived this argument by failing to raise it until he reached this court the first time around. It was too late then, and it is even later now. The questions Sharashidze wants us to review are factual: whether he was diligent enough to warrant application of equitable tolling and whether the BIA correctly found that conditions in Georgia had not changed sufficiently to warrant withholding of removal. Because we lack jurisdiction to address these questions, his petition is DISMISSED.