NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted December 4, 2008[*]
Decided December 4, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1329

| | |
|---|---|
| FENG YAN HUANG,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A 77 281 604 |
| MICHAEL B. MUKASEY,<br>    *Respondent*. | |

**O R D E R**

Feng Yan Huang, a Chinese citizen, entered the United States in 1999 and applied for asylum, claiming that Chinese family-planning officials forced her to undergo an abortion because she had conceived out of wedlock. The immigration judge found Huang's testimony incredible, denied her application, and ordered her removed to China. Huang remained and has since given birth to three children. In June 2007 she filed a motion to reopen her removal proceedings claiming that if she returned to China, the government would forcibly sterilize her for violating its one-child policy. The Board of Immigration Appeals denied the motion, citing *Chen v. Gonzales*, 498 F.3d 758, 759-60 (7th Cir. 2007), in

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

which we held that having children in the United States after a final order of removal does not qualify as the "changed country conditions" necessary for the Board to grant an untimely motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii).

We lack jurisdiction to review the denial of a petition to reopen removal proceedings unless the petition presents a constitutional issue or a question of law. *See Jezierski v. Mukasey*, 543 F.3d 886, 887-88 (7th Cir. 2008); *Kucana v. Mukasey*, 533 F.3d 534, 536-38 (7th Cir. 2008). A legal question arises when the BIA has misinterpreted a statute, regulation, or constitutional provision, misread its own precedent, used the wrong legal standard, or failed to exercise its discretion. *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008). Huang's petition presents no legal question; she argues only that the Board abused its discretion in finding that she had not established changed country conditions sufficient to warrant reopening her case. This raises a question of fact, not law, and is therefore unreviewable by this court. *See Sharashidze v. Mukasey*, 542 F.3d 1177, 1178 (7th Cir. 2008); *Pepaj v. Mukasey*, 509 F.3d 725, 727-28 (6th Cir. 2007).

DISMISSED.