NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2009[*]
Decided February 26, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3035

| | |
|---|---|
| QIN HUI CHEN, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A78 293 175 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Qin Hui Chen, a citizen of China, petitions for review of an order by the Board of Immigration Appeals denying her motion to reopen her removal proceeding. Because this court lacks jurisdiction to review discretionary decisions by the Board, *see Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008), we dismiss the petition for lack of jurisdiction.

Chen arrived at Chicago's O'Hare International Airport in December 2000 without entry documents. Subsequently, she filed a petition for asylum, withholding of removal,

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

and protection under the Convention Against Torture. In her petition, she alleged that she suffered persecution, including fines, a forced abortion, and forced sterilization, for violating China's family planning policies. *See* 8 U.S.C. § 1101(a)(42)(A). In October 2001 the immigration judge found that Chen was not credible and denied relief. Chen's appeal to the Board in July 2002, filed well past the 30-day deadline, *see* 8 C.F.R. § 1003.38(b), was dismissed as untimely. Chen then filed a series of motions to reopen, attempting to show, among other things, that she had been forcibly sterilized and that she had received ineffective assistance of counsel. The Board denied each of these motions. Chen's petition for review to us is timely only as to the Board's denial of Chen's latest motion to reopen. *See* 8 U.S.C. § 1252(b)(1); *Sharashidze v. Mukasey*, 542 F.3d 1177, 1178-79 (7th Cir. 2008).

Motions to reopen are generally committed to the discretion of the Board. *See* 8 C.F.R. § 1003.2(a). We lack jurisdiction to review the Board's denial of a motion to reopen removal proceedings unless the petitioner presents a constitutional issue or a question of law. *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008); *Kucana*, 533 F.3d at 538. A question of law arises when the Board has misinterpreted a statute, regulation, or constitutional provision, misread its own precedent, applied the wrong legal standard, or failed to exercise its discretion. *Jezierski v. Mukasey*, 543 F.3d 886, 888 (7th Cir. 2008); *Huang*, 534 F.3d at 620.

In her petition, Chen argues only the merits of her original asylum application. She presents no legal question about the Board's refusal to reopen her proceeding—a decision grounded in factual findings that Chen's motion was both untimely and number-barred under 8 C.F.R. § 1003.2(c)(2). Those are each factual determinations that we may not review. *See Johnson v. Mukasey*, 546 F.3d 403, 404-05 (7th Cir. 2008); *Sharashidze*, 542 F.3d at 1179; *Huang*, 534 F.3d at 622-23. To the extent that Chen also asks us to review other aspects of her earlier proceedings, those too are unreviewable because her petition is untimely as to the earlier agency decisions. *See* 8 U.S.C. § 1252(b)(1); *Sharashidze*, 542 F.3d at 1178-79; *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006).

For these reasons, the petition for review is DISMISSED.