NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2009[*]
Decided May 7, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2593

| | |
|---|---|
| JIN MIN DONG,<br>*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | A70 900 119 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States<br>*Respondent*. | |

**O R D E R**

Jin Min Dong, a Chinese citizen, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his deportation proceedings. We dismiss the petition for lack of jurisdiction.

Dong entered the United States without inspection in 1990, and three years later he filed an application for asylum and withholding of deportation, claiming that he had been persecuted in China because of his affiliation with an underground Catholic church. An

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

asylum officer interviewed Dong in 1997 but referred his application to the immigration court, and the Immigration and Naturalization Service initiated deportation proceedings. After a series of continuances, Dong's application was finally adjudicated in 2001, when the immigration judge denied asylum and withholding of deportation but granted voluntary departure. The Board of Immigration Appeals affirmed that decision in 2003. Dong ignored the terms of voluntary departure and remained in the United States.

In 2007 Dong filed a motion requesting that the Board reopen his deportation proceedings in light of changed country conditions, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), specifically, the stepped-up efforts of Chinese officials to find him. In support of the motion, Dong submitted a letter from his mother reporting that police had visited her earlier that year looking for him, and had ransacked her home and frightened her to the point that she fainted. But because the letter also stated that the police had never stopped searching for Dong or harassing the family since his departure seventeen years earlier, and Dong had not explained why he could not have presented evidence of this harassment at his asylum hearing, the Board concluded that Dong had not demonstrated evidence of changed country conditions and denied the motion. The Board also declined to *sua sponte* reopen Dong's proceedings so that he could pursue adjustment of status based on his marriage in 2003 to a United States citizen. Dong's case was not so exceptional as to warrant *sua sponte* reopening, the Board reasoned, because he had married knowing that he was subject to a deportation order and, in any event, had not submitted evidence of an approved visa petition.

Dong petitions this court for review, but we lack jurisdiction to review the Board's discretionary denial of a motion to reopen unless it presents a question of law, *see Kucana v. Mukasey*, 533 F.3d 534, 536-38 (7th Cir. 2008), and Dong has identified no such question. The Board's conclusion that Dong failed to present sufficient evidence of changed country conditions is a factual determination. *See Sharashidze v. Mukasey*, 542 F.3d 1177, 1179 (7th Cir. 2008). But even if we had jurisdiction, Dong's claim would fail because the Board's decision to deny his motion was not an abuse of discretion. *See Gebreeyesus v. Gonzales*, 482 F.3d 952, 954 (7th Cir. 2007). Dong's evidence that Chinese officials have searched for him since his departure and visited his mother as recently as 2007 does not establish changed country conditions. Rather, it is cumulative evidence that the conditions he alleged in his original asylum application have persisted. *See Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005). Without evidence of a material change, Dong was not entitled to have his case reopened. *See id.*; *Simtion v. Ashcroft*, 393 F.3d 733, 737 (7th Cir. 2004).

Finally, although Dong contests the Board's assertion that he should have submitted evidence of an approved visa petition, he concedes that the Board's refusal to *sua sponte* reopen proceedings is beyond our review. *See Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007).

                                                                                                    DISMISSED.