NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009[*]
Decided December 23, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1984

| | |
|---|---|
| HUA CHEN, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | A070-908-061 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent.* | |

**O R D E R**

Hua Chen, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen deportation proceedings. We deny the petition to the extent that we have subject-matter jurisdiction.

---

[*]On November 2, 2009, we granted Petitioner Hua Chen's motion to waive oral argument. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(f); CIR. R. 34(e).

Chen entered the United States without valid entry documents in 1990.  In 1993 he applied for asylum, withholding of deportation, and protection under the Convention Against Torture, claiming that he had a well-founded fear of persecution if he returned to China because he participated in pro-democracy demonstrations in 1989 and then illegally fled the country.  After numerous continuances and a change of venue, Chen's application was finally adjudicated in 2000.  The immigration judge denied all relief and issued a deportation order.  The Board of Immigration Appeals affirmed the decision in 2002, but Chen remained in the United States.

In 2008 Chen filed a motion through counsel asking the Board to reopen his deportation proceedings in light of what he characterizes as "new and previously unavailable" evidence of changed country conditions.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  At the time he filed this motion, Chen was in removal proceedings under a different name that he apparently gave to police in Chicago after a traffic stop.  In the motion Chen alleges that his girlfriend gave birth to their daughter in 1999 in violation of China's family-planning policy, and that since 2007 he has practiced Falun Gong and participated in protests against the Chinese government.  Chen also maintains that local officials in his hometown in Fujian Province are now aware of his activities in America and want him to return to China so that he can be punished.

The materials Chen submitted with his motion include a child's birth certificate, photographs of himself participating in Falun Gong activities, and what purports to be a notice from the village committee in his hometown ordering his parents to urge him to return to China to receive punishment for fathering a child out of wedlock, practicing Falun Gong, and applying for asylum.  The Board concluded that Chen had not met his burden of establishing materially changed country conditions as would be necessary to avoid the 90-day deadline that ordinarily applies to motions to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).  The Board noted that the father identified in the child's birth certificate does not share Chen's name or date of birth (or the name Chen gave when he was detained in Chicago); the Board also observed that Chen did not mention the child in 2000 when testifying before the immigration judge.  In addition, the Board declined to consider the notice from the village committee because it was not authenticated as required under 8 C.F.R. § 1287.6.  The Board distinguished *Lin v. Mukasey*, 532 F.3d 596 (7th Cir. 2008), where we relied on the petitioner's submission of a letter from her hometown village committee—the authenticity of which the government did not doubt—to hold that she had established changed country conditions.  In contrast with *Lin*, the Board explained, the Department of Homeland Security had not conceded the authenticity of Chen's evidence.

In his petition for review, Chen challenges the Board's conclusion that he did not demonstrate a material change in country conditions.  This ruling is the kind of

determination that we lack jurisdiction to review except as to claims that the ruling rests on a constitutional or legal error. *See Sharashidze v. Mukasey*, 542 F.3d 1177, 1179 (7th Cir. 2008); *Kucana v. Mukasey*, 533 F.3d 534, 538 (7th Cir. 2008), *cert. granted*, 129 S. Ct. 2075 (2009) (argued Nov. 10, 2009). Chen maintains that the Board abused its discretion by "failing to consider significant evidence in the record."

Chen principally argues that the Board erroneously refused to consider the village committee notice because he failed to authenticate it as required by 8 C.F.R. § 1287.6. This is a question of law that we may entertain. *See Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 737 (2008). Lack of compliance with § 1287.6 is not a valid basis for immigration courts to disregard relevant evidence unless there are additional reasons to doubt its authenticity. *Castilho de Oliveira v. Holder*, 564 F.3d 892, 897 (7th Cir. 2009); *see also Shtaro v. Gonzales*, 435 F.3d 711, 717 (7th Cir. 2006) (explaining that failure to authenticate evidence "does not amount to presumptive proof of falsity"); *Georgis v. Ashcroft*, 328 F.3d 962, 969 (7th Cir. 2003) (noting that compliance with regulation is "not the only way" to authenticate evidence introduced in immigration courts). The Board did not cite the discrepancies in Chen's other evidence as a basis for doubting the authenticity of the notice, so arguably the Board should not have disregarded it.

But any error was harmless because the notice is not evidence of changed country conditions. In his brief to this court, Chen describes the notice as evidence that China's family-planning policy is presently "being enforced more stringently" in his hometown, but it says nothing of the sort. The notice shows, at most, that Chinese officials want Chen to return to China to face unspecified punishment, but their interest in him is based on his "anti-government activities in the U.S"—applying for asylum, having a child out of wedlock, and participating in Falun Gong. Chen applied for asylum in 1993 and allegedly fathered a child in 1999. He says that he began practicing Falun Gong in 2007, but it has been banned in China since 1999. *See* BUREAU OF DEMOCRACY, HUMAN RIGHTS & LABOR, U.S. DEP'T OF STATE, CHINA: COUNTRY REPORT ON HUMAN RIGHTS PRACTICES (Feb. 2000), *available at* http://www.state.gov/g/drl/rls/hrrpt/1999/284.htm. Chen's evidence does not suggest that the Chinese government would view his conduct more harshly now than in 2002 when his asylum proceedings ended; he fears returning to China not because *country* conditions have changed, but because his *personal* conditions have changed. This is not a legitimate basis for reopening Chen's deportation proceedings. *See Cheng Chen v. Gonzales*, 498 F.3d 758, 760 (7th Cir. 2007) (explaining that alien who remains in U.S. after being ordered deported may not use "interval of unauthorized presence in the United States to manufacture a case for asylum"); *see also Joseph v. Holder*, 579 F.3d 827, 834-35 (7th Cir. 2009); *Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005).

What is left is Chen's contention that the Board erroneously focused only on the birth of his child and did not evaluate whether his Falun Gong activities also constituted evidence of changed country conditions. But Chen is incorrect. The Board addressed all of his arguments in its order, and his opposition to the Board's decision boils down to disagreement with the weight that the Board placed on his evidence en route to its discretionary decision to deny his petition—a challenge that we lack jurisdiction to entertain. *See Huang*, 534 F.3d at 621. But we add—given the grant of certiorari in *Kucana*—that if we had jurisdiction over this aspect of Chen's petition, we would deny it on the merits. As discussed above, Chen provided evidence only of changes in his personal circumstances, not the country conditions in China.

Accordingly, we DENY Chen's petition to the extent that it challenges the Board's refusal to consider his evidence for lack of authentication; we otherwise DISMISS the petition.