RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0250p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

JOSE DIAZ DE JESUS CASILLAS,

                *Petitioner,*

    *v.*

ERIC H. HOLDER, JR., Attorney General,

                *Respondent.*

No. 09-3831

On Petition for Review from a Final Order
of the Department of Homeland Security.
No. A 099-387-648.

Argued: July 25, 2011

Decided and Filed: September 2, 2011

Before: SUTTON and COOK, Circuit Judges; GREER, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Brian J. Miles, D'LUGE, MILES, MILES & CAMERON, P.L.C., Mount Clemens, Michigan, for Petitioner. Margot L. Carter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Brian J. Miles, Mayra Lorenzana-Miles, D'LUGE, MILES, MILES & CAMERON, P.L.C., Mount Clemens, Michigan, for Petitioner. Margot L. Carter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

SUTTON, Circuit Judge. Jose Diaz De Jesus Casillas seeks review of the 2009 enforcement of a 1996 order of removal. We dismiss the petition for lack of jurisdiction.

_____

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

I.

In 1995, the immigration agency of its day, the Immigration and Naturalization Service, served Casillas with papers alleging he had no right to be in the United States. Casillas admitted he was deportable and waived any challenge to the charge. On September 4, 1996, an immigration judge ordered Casillas deported unless he voluntarily left the United States within the next two months—by November 4, 1996.

On May 12, 2009, officers with the Department of Homeland Security found Casillas in the United States and detained him in connection with the 1996 order of removal. Casillas sought a stay of removal, claiming he had departed before the November 1996 voluntary-departure deadline, precluding his conditional order of removal from becoming a final order of removal under the terms of the order. In support of his application, he presented an expired Mexican passport and a marriage certificate, both issued in Mexico in 1998.

On June 2, 2009, the Department of Homeland Security denied Casillas's application for a stay of removal. The reviewing officer reasoned that the information in the application, dating from 1998, failed to establish that Casillas left the United States before the November 4, 1996 deadline, meaning that the conditional order of removal, conditioned on Casillas leaving the country before the November 1996 deadline, became a final order of removal.

On June 8, 2009, Casillas filed a motion for a speedy bond hearing with an immigration judge, seeking an opportunity to show that he left the United States before November 4, 1996, and requesting an opportunity to post a bond and delay deportation in the interim. The Department of Homeland Security deported Casillas to Mexico on June 9. On June 11, an immigration judge dismissed Casillas's bond-hearing motion for lack of jurisdiction because he was no longer in the United States.

Casillas did not seek review of that decision in the Board of Immigration Appeals. He instead filed a petition for review in our court, claiming he was unlawfully

removed from the United States because he fully complied with the 1996 voluntary-departure order.

II.

Our first order of business is jurisdiction.  In the immigration field, Congress has granted the federal courts of appeals "sole and exclusive" jurisdiction to review "final order[s] of removal."  8 U.S.C. § 1252(a)(1), (a)(5); *Mu Ju Li v. Mukasey*, 515 F.3d 575, 577 (6th Cir. 2008); *see also* 8 U.S.C. § 1252(a)(2), (b)(9).  In this instance, we lack jurisdiction over any of the three actions taken by the immigration authorities with respect to Casillas.

First, Casillas filed a petition to stay his removal with the U.S. Immigration and Customs Enforcement, a division of the Department of Homeland Security.  We do not have jurisdiction over denials of petitions to stay removal.  *Cheng Fan Kwok v. INS*, 392 U.S. 206, 212 (1968); *see also Shaboyan v. Holder*, — F.3d —, No. 11-71574, 2011 WL 2557658 (9th Cir. June 29, 2011); *Lemos v. Holder*, 636 F.3d 365, 367 (7th Cir. 2011)*; Gottesman v. INS*, 33 F.3d 383, 386–87 (6th Cir. 1994).

Second, Casillas filed a motion with an immigration judge to obtain a speedy bond hearing.  The grant or denial of a bond is unreviewable.  *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding . . . the grant, revocation, or denial of bond or parole.").  Casillas at any rate never appealed the immigration judge's decision to the Board of Immigration Appeals, a precondition to further review here.  8 U.S.C. § 1252(d)(1); *Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir. 2001).

Third, when an immigration judge entered a conditional order of removal against Casillas in 1996, which *was* a reviewable final order of removal, Casillas opted not to challenge it.  He instead agreed that he was subject to deportation.  Any challenge to that order today would be time-barred and unexhausted to boot.  *See* 8 U.S.C. § 1252(b)(1); (d); *Prekaj v. INS*, 384 F.3d 265, 267–68 (6th Cir. 2004) (time limit is jurisdictional).

Casillas cannot circumvent these limitations by claiming that the immigration authorities' act of *enforcing* the 1996 order in 2009—by deporting him—amounted to a new final order of removal or in his words a "de facto final order of removal." Casillas Br. at 9. His position blurs the distinction between the enforcement of a removal order and its issuance. Enforcement of a removal order—deportation—happens after a final order of removal has been issued and either upheld or, as here, not challenged. To say that applicants may challenge final orders of removal *and* separately challenge enforcement of those orders overrides the language of the statute, which covers final "orders" of removal, not enforcement of those orders. 8 U.S.C. § 1252 (a)(5); (g).

This position also threatens to unwind the "final[ity]" requirement. If the enforcement of an order, no less than the issuance of an order, may be reviewed, it is fair to wonder what the relevant "final" act is, threatening to wreak havoc with the reticulated requirements for exhaustion and review of immigration claims.

These problems go away if we respect the language of the statute, which says that Congress granted power to the courts of appeals to review final orders of removal, not the enforcement of final orders of removal. 8 U.S.C. § 1252(a)(5); (b)(1); (g). When immigration authorities found Casillas still in the country in 2009, they enforced the 1996 order of removal—a belated enforcement to be sure, but an enforcement no less, and a delay at any rate caused by the actions of a fugitive, not the actions of the immigration authorities. Just as Casillas could not have waived review of a 2008 final order of removal, then challenged enforcement of it in 2009, so he cannot do the same with respect to the 1996 order of removal, one he opted not to challenge within the time allotted for doing so.

In some circumstances, it is true, we have rejected jurisdictional arguments by the government premised on its own conduct, such as the deportation of an individual while a cognizable and otherwise-reviewable petition was pending before the Board of Immigration Appeals. When the government deported Maria Isabel Madrigal while her motion to reopen was pending before the Board, we held that its subsequent withdrawal of her motion (on the ground she had been deported) did not deprive us of jurisdiction

over the motion but instead amounted to a final order of removal. *Madrigal v. Holder*, 572 F.3d 239, 243 (6th Cir. 2009). We did something similar in *Villegas de la Paz v. Holder*, 640 F.3d 650, 653–655 (6th Cir. 2010), when we exercised jurisdiction over a late-filed reinstatement order given that the government caused the delay. Yet in those cases, unlike this one, the petitioner had filed a motion that was otherwise reviewable by the Board and court of appeals, prompting us to treat the government's deportation or delay as a final order of removal. The same simply is not true of Casillas's motions to stay deportation and to obtain a bond, as shown above. That leaves no order, other than the long-ago, time-barred 1996 order, to review, requiring us to fall back on the general rule that the physical act of deportation is not a final order of removal but the enforcement of an order of removal.

None of this means that immigrants in Casillas's position have no recourse. There is a potential administrative and judicial answer to Casillas's claimed predicament.

Administratively, Casillas's key allegation is that he left the country before his voluntary departure deadline in 1996. If that is true, a final deportation order against him no longer exists, as the parties agree: Under its terms, the 1996 conditional order of removal became a final order of removal only if the immigrant failed to leave the country before the listed date. *See* Government Br. at 4; Casillas Reply Br. at 1. When Casillas raised this argument with an officer of the Department of Homeland Security, however, he relied on little more than his own say-so. He presented two documents—an expired passport and a marriage certificate—which suggested only that he was in Mexico two years *after* the conditional order of removal, and indeed they did not even prove that, as it is not clear whether such documents may be obtained from abroad. If Casillas truly left the country before the 1996 deadline, nothing prevented him from proving it to the immigration authorities. A stamped passport works, as do other methods of proof: plane tickets, credit card receipts, photos of the individual and the most fail-safe method of all: an appearance at the local U.S. consulate in the individual's home country, confirming the individual's presence on a given date. *See, e.g.*, Form G-146, Departure Verification.

Judicially, two courts of appeals have concluded that an immigrant claiming he complied with an order of voluntary departure, as Casillas claims, may challenge the *existence* of a removal order in a § 2241 habeas proceeding in district court. *See Madu v. Attorney General*, 470 F.3d 1362, 1367 (11th Cir. 2006) (district court retains habeas jurisdiction where petitioner challenged "whether there is a removal order at all"); *Kumarasamy v. Attorney General*, 453 F.3d 169, 172 (3d Cir. 2006) (same). No court of appeals has reached a contrary conclusion on this point, yet Casillas did not invoke this procedure.

When all is said and done, Casillas simply has not sought review of a final order of removal. And for that reason, we have no jurisdiction over his petition.

III.

For these reasons, we dismiss the petition for lack of jurisdiction.