NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0180n.06

No. 11-4224

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 19, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LAURENCIO JUAREZ-CHAVEZ, | ) | |
| | ) | ON PETITION FOR REVIEW OF |
| Petitioner, | ) | AN ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

**HELENE N. WHITE, Circuit Judge.**  Laurencio Juarez-Chavez (Juarez-Chavez), a native and citizen of Mexico, has filed a petition for review of the government's reinstatement of his December 2006 stipulated removal order pursuant to 8 U.S.C. § 1231(a)(5), following his illegal reentry into the country.  However, he challenges only the underlying December 2006 removal order, from which his petition is untimely under § 1252(b)(1).  We therefore DISMISS the petition for lack of jurisdiction.

**I.**

In October 2006, an immigration officer served Juarez-Chavez with a notice to appear (NTA), charging him as being removable as an alien present in the United States without being

_____

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

admitted or paroled, or who arrived in the United States at any time or place other than as designated by the attorney general, pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i). Juarez-Chavez, *pro se*, signed a stipulated request for a removal order and waiver of his right to a hearing before an immigration judge (IJ). He agreed, in pertinent part, that: the factual allegations contained in the NTA were true; he should be removed based on the NTA's charge; and he was either ineligible for any form of relief from removal (such as asylum, withholding of removal, or voluntary departure) or, if eligible, he was waiving his right to apply for such relief (AR 106–09). The stipulation, written in English and Spanish, set forth his further acknowledgments that he read the document and understood its consequences; and he made the removal request voluntarily, knowingly, and intelligently (AR 109). An immigration officer signed the document, certifying that he had explained the contents and meaning to Juarez-Chavez in a language he understood (AR 110).

In December 2006, an IJ ordered Juarez-Chavez removed from the United States to Mexico, pursuant to the written stipulation (AR 104). Juarez-Chavez did not seek review of the IJ's order. That same month, he was removed from the United States (Suppl. AR 4–6, 11). He subsequently reentered the country and, in October 2011, Ohio authorities arrested him on a soliciting charge (AR 98; Suppl. AR 11). In the wake of his arrest, immigration officials detained him. The Department of Homeland Security (DHS) then served him with a notice of intent to reinstate the December 2006 removal order:

> In accordance with Section 241(a)(5) of the [INA], you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest

> this determination by making a written or oral statement to an immigration officer.
> You do not have a right to a hearing before an [IJ].

Suppl. AR 2 (emphasis omitted).

This petition for review followed, in which Juarez-Chavez challenges the validity of the underlying December 2006 removal order. He first argues that the IJ entered the stipulated order without independently determining, or holding a hearing to determine, that his agreement to the stipulation was voluntary, knowing, and intelligent, in violation of 8 C.F.R. § 1003.25(b). Juarez-Chavez further argues that, to the extent the agency regulation permits an IJ to "rubber-stamp" a removal stipulation signed by a *pro se* alien without holding a hearing or otherwise inquiring into the voluntary nature of the stipulation, the agency procedure violates due process.

## II.

### A.

We have jurisdiction to review Juarez-Chavez's challenge to the 8 U.S.C. § 1231(a)(5) reinstatement order, but only to the extent that we have jurisdiction to review final orders of removal. *See* 8 U.S.C. § 1252(a)(1); *Villegas de la Paz v. Holder*, 640 F.3d 650, 653 (6th Cir. 2010). If DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . . ." 8 U.S.C. § 1231(a)(5);[1] *cf.*

---

[1]Section 1231(a)(5)'s implementing regulation requires that, before an alien is removed under a prior removal order, the immigration officer must (1) obtain the prior removal order related to the alien, (2) confirm that the alien under consideration is the same alien who was previously removed or voluntarily departed, and (3) confirm that the alien unlawfully reentered the United States. 8 C.F.R. § 241.8(a). Only if these requirements are met is the alien removable under the prior order. *Id.* § 241.8(c). Further, the officer must provide the alien with written notice of the determination and give the alien an opportunity to make a statement contesting the determination. *Id.* § 241.8(b).

*Elgharib v. Napolitano*, 600 F.3d 597, 607 (6th Cir. 2010). Notwithstanding § 1231(a)(5)'s narrow scope, we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). In *Villegas*, we joined several of our sister circuits in "conclud[ing] that § 1252(a)(2)(D) re-vests the circuit courts with jurisdiction over constitutional claims or questions of law raised in the context of reinstatement proceedings." 640 F.3d at 656 (citing *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008); *Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007); *Debeato v. Att'y Gen. of U.S.*, 505 F.3d 231, 235 (3d Cir. 2007); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513–14 (5th Cir. 2006)).

Section 1252(a)(2)(D) gives us jurisdiction to review "constitutional claims or questions of law"—notwithstanding the jurisdiction-stripping provisions that eliminate judicial review of final orders of removal against criminal aliens or involving the denial of discretionary relief, or "in any other provision of this chapter," which includes reinstatement orders under § 1231(a)(5). But aside from the "stated exceptions, the savings clause in § 1252(a)(2)(D) permitting review of [constitutional or legal] claims does not apply to jurisdictional limitations *within* that section." *Cordova-Soto v. Holder*, 659 F.3d 1029, 1031 (10th Cir. 2011) (citing *Lorenzo*, 508 F.3d at 1281), *cert. denied*, 133 S. Ct. 647 (2012); *see Garcia de Rincon*, 539 F.3d at 1138 ("Section 1252(a)(2)(D) does *not* apply to the jurisdictional limitations codified elsewhere in § 1252.").

Thus, notwithstanding § 1252(a)(2)(D), we lack jurisdiction over Juarez-Chavez's collateral challenge to his underlying removal order because his challenge to that order is untimely. *See* 8

However, "[t]he alien has no right to a hearing before an [IJ]" in a reinstatement proceeding. *Id.* § 241.8(a). Juarez-Chavez does not contest these reinstatement procedures or purport that the agency failed to comply with them.

U.S.C. § 1252(b)(1). The 30-day time limit set forth in § 1252(b)(1) "is both mandatory and jurisdictional." *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004) (citation omitted). "[Section] 1252(a)(2)(D), which authorizes this court to decide constitutional claims and questions of law, is explicitly constrained by the 30-day time limit in § 1252(b)(1)." *Sharashidze v. Mukasey*, 542 F.3d 1177, 1178–79 (7th Cir. 2008); *see Gor v. Holder*, 607 F.3d 180, 184–85 (6th Cir. 2010) (emphasizing the jurisdictional nature of the 30-day time limit, notwithstanding an alien's argument that he sought to raise constitutional and legal claims). At least two of our sister circuits have ruled, in addressing petitions seeking review of reinstatement orders, that untimely collateral challenges to underlying removal orders cannot be reached given § 1252(b)(1)'s jurisdictional bar. *See Cordova-Soto*, 659 F.3d at 1031–32; *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009) (per curiam).

When reinstating a prior removal order in illegal reentry cases, DHS does not reissue the prior order (which would restart the 30-day period within which the alien may file a petition for review) but reinstates the prior order "from its original date." 8 U.S.C. § 1231(a)(5). The reinstatement procedure "establishes a process to remove [the alien] 'under the prior order at any time after the reentry.'" *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 44 (2006) (quoting 8 U.S.C. § 1231(a)(5)); *see* 8 C.F.R. § 241.8(a). Although Juarez-Chavez's December 2006 removal order forms the basis for the reinstatement procedure, he cannot collaterally attack the underlying order if he failed to seek review of that order in accordance with § 1252(b)(1).

To the extent we have previously addressed the merits of an alien's due process challenge to an underlying removal order in the context of a petition for review of a reinstatement order, *see*

*Villegas*, 640 F.3d at 656–57, our discussion does not control the jurisdictional issue here because we did not address the interplay between § 1252(a)(2)(D) and (b)(1) with respect to underlying removal orders in the context of reinstatement proceedings. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998); *Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) ("[T]he existence of unaddressed jurisdictional defects has no precedential effect.").

**B.**

Juarez-Chavez does not allege, nor does the record indicate, that he was unable to challenge the December 2006 stipulated removal order. His counsel opines that "stipulated removal orders are apt to be carried out quickly with waiver of appeal," but there is no allegation that he was actually prevented from challenging the December 2006 order in the prior proceeding. A stipulated removal order, like most other final removal orders, is subject to the petition-for-review procedure. Juarez-Chavez's claim that his stipulated request for a removal order and waiver of rights (including any waiver of appeal) was not voluntary, knowing, and intelligent should have been raised in a timely appeal to the Board of Immigration Appeals, and then in a timely petition for review in this court pursuant to § 1252(b)(1). The petition-for-review process is, at least facially, an adequate and effective means for an alien to contest the legality of his removal order, thus satisfying the Suspension Clause. *See Muka v. Baker*, 559 F.3d 480, 485 (6th Cir. 2009). Further, "[a]liens who are removed may continue to pursue their petitions for review" filed in the court of appeals. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Nonetheless, we do not preclude the possibility that an alien may raise an as-applied Suspension Clause challenge to § 1252(b)(1) in the scenario where the provision forecloses judicial

review of an underlying removal order in a reinstatement proceeding; and where, either due to ineffective assistance of counsel or misconduct by government officials, the alien was prevented from challenging that underlying order and now is barred from reopening his removal proceedings (as a means to challenge that underlying order) because he is subject to reinstatement under § 1231(a)(5). *See INS v. St. Cyr*, 533 U.S. 289, 300 (2001) (explaining that "[a] construction of [the INA] that would entirely preclude review of a pure question of law by any court would give rise to substantial constitutional questions" in light of the Suspension Clause, which requires some "judicial intervention in deportation cases" (citation omitted)); *Ramirez-Molina*, 436 F.3d at 513; *compare* 8 U.S.C. § 1231(a)(5) (where DHS determines that an alien is subject to reinstatement, the prior removal order cannot be reopened) *with Luna v. Holder*, 637 F.3d 85, 86–87 (2d Cir. 2011) (holding that the 30-day time limit to file a petition for review does not violate the Suspension Clause where aliens alleged that they were prevented from filing timely petitions due to ineffective assistance of counsel or governmental interference because the statutory motion to reopen process is an adequate and effective substitute for habeas review). However, we do not decide this issue because it is not implicated here.

**III.**

For the foregoing reasons, we DISMISS the petition for lack of jurisdiction.