NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0908n.06

No. 14-3300

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 08, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MARIA DE JESUS GOMEZ-RUIZ, | ) |
| | ) |
|     Petitioner, | ) |
| | ) ON PETITION FOR REVIEW OF A |
| v. | ) DECISION REINSTATING AN |
| | ) ORDER OF EXCLUSION AND |
| ERIC H. HOLDER, JR., Attorney General, | ) DEPORTATION |
| | ) |
|     Respondent. | ) |

BEFORE: BATCHELDER and KETHLEDGE, Circuit Judges; COLLIER, District Judge.[*]

PER CURIAM. Maria de Jesus Gomez-Ruiz petitions for review of the government's reinstatement of her February 1997 order of exclusion and deportation.

Gomez-Ruiz is a native and citizen of Mexico. In 1997, she attempted to enter the United States using a fraudulent document. On February 19, 1997, an immigration judge issued an order of exclusion and deportation, and Gomez-Ruiz was deported that day. In 2014, after Gomez-Ruiz was arrested in Kentucky, the Department of Homeland Security reinstated her prior order of exclusion and deportation.

On appeal, Gomez-Ruiz argues that she was denied due process in connection with the 1997 order of exclusion and deportation. We lack jurisdiction to review this claim, however, because the challenge to the 1997 order is untimely. *See* 8 U.S.C. § 1252(b)(1); *Juarez-Chavez*

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

*v. Holder*, 515 F. App'x 463, 465-66 (6th Cir. 2013).  Gomez-Ruiz also argues that the decision to reinstate the 1997 order was improper because she was denied due process and the reinstatement decision was made before she had an adequate opportunity to make a statement in opposition.

We review de novo questions of law.  *Villegas de la Paz v. Holder*, 640 F.3d 650, 655 (6th Cir. 2010).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.  *Id.*  An alien who illegally reenters the United States after being removed under an order of exclusion or deportation can be removed by reinstatement of the prior order.  8 C.F.R. § 241.8(a).  Before reinstating a prior order of exclusion or deportation, an immigration officer must obtain the prior order, confirm the identity of the alien, and determine that the alien unlawfully reentered the United States.  8 C.F.R. § 241.8(a)(1)-(3).  If the officer determines that the alien is subject to removal, the officer must provide the alien with written notice of the determination and give the alien the opportunity to make a written or oral statement contesting the determination.  8 C.F.R. § 241.8(b).

Here, the record reflects that immigration officers obtained the 1997 order of exclusion and deportation, confirmed Gomez-Ruiz's identity, and determined that she had illegally reentered the United States.  In addition, Gomez-Ruiz received proper notice of the government's intention to reinstate the prior order, and she did not make a statement despite being the given the opportunity to do so before the reinstatement decision became final.  Thus, Gomez-Ruiz has not shown that she was deprived of her right to make a statement contesting the reinstatement decision or that she was otherwise denied due process in connection with the reinstatement of the 1997 order of exclusion and deportation.

Accordingly, we dismiss in part and deny in part the petition for review.