**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0017n.06

**No. 18-3050**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 14, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| YANCARLOS MENDEZ PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| MATTHEW G. WHITAKER, Acting Attorney | ) | DEPARTMENT OF |
| General, | ) | HOMELAND SECURITY |
| | ) | |
| Respondent. | ) | OPINION |
| | ) | |

**BEFORE: GIBBONS, ROGERS, and STRANCH, Circuit Judges.**

**PER CURIAM.** The Visa Waiver Program (VWP) allows certain foreign nationals to visit the United States without a visa for 90 days or less. To qualify for the program, visitors must agree to waive any right to contest their removal from the country except on the basis of an asylum application. After entering the United States under the VWP, Yancarlos Mendez Perez remained in the country for almost three years. When Department of Homeland Security (DHS) officials discovered that he had overstayed his 90-day travel allowance, they removed him from the United States. He now seeks reversal of DHS's removal order. Though we sympathize with Mendez Perez's difficult circumstances, we are bound by the VWP's legal framework and our own precedents. Because Mendez Perez waived his right to challenge his removal under the VWP, we are constrained to **DENY** his petition.

## I. BACKGROUND

### A. Factual and Procedural History

Mendez Perez entered the United States under the VWP in January 2015 and remained in the country after his 90-day travel allowance had expired. While in the United States, Mendez Perez began dating Sandrita Mendoza, whom he later married. Mendoza has a young child who is paralyzed from the waist down and requires extensive at-home medical care. Mendez Perez helped take care of the child and gave him and Mendoza financial support. In November 2017, Mendez Perez was pulled over and arrested for driving without a license. During his detention, DHS discovered that he had entered the country under the VWP almost three years before. The agency began removal proceedings shortly thereafter and issued a final removal order in December 2017.

Mendez Perez asked DHS to stay his removal in January 2018. After DHS denied that request, he asked this court for a stay of removal pending our resolution of this case. We denied a stay in February 2018, and he was deported the following month. Mendez Perez now asks us to reverse DHS's removal order.[1]

### B. Legal Framework

We begin with the VWP. Typically, a nonimmigrant visitor to the United States will be denied entry if he "is not in possession of a valid nonimmigrant visa or border crossing identification card at the time of application for admission . . . ." 8 U.S.C. § 1182(a)(7)(B)(i)(II). But the VWP provides an exception to this rule. Under the program, eligible foreign nationals may "apply for admission to the United States for 90 days or less as nonimmigrant visitors for

---

[1] In addition to contesting DHS's removal order, Mendez Perez appears to challenge DHS's denial of his petition to stay removal. To the extent that Mendez Perez wishes to appeal that denial, we must reject his challenge because "[w]e do not have jurisdiction over denials of petitions to stay removal." *Casillas v. Holder*, 656 F.3d 273, 274 (6th Cir. 2011).

business or pleasure without first obtaining a nonimmigrant visa." *Lacey v. Gonzales*, 499 F.3d 514, 516 (6th Cir. 2007) (citation and internal quotation marks omitted); *see also* 8 U.S.C. § 1187(a)(1). In exchange for waiving the visa requirement, the VWP requires visitors to waive their right "to contest, other than on the basis of an application for asylum, any action for" their removal while in the country under the program. 8 U.S.C. § 1187(b)(2). "Ordinarily, due to the reciprocal-waiver requirement, federal courts lack jurisdiction over non-asylum-based, due-process challenges to the removal of a VWP" visitor. *Lacey*, 499 F.3d at 518. On appeal, therefore, we retain jurisdiction to answer two questions: first, whether Mendez Perez entered the United States under the VWP; and second, whether he asked for asylum.

## II. ANALYSIS

Because we must confine the scope of our inquiry to the above two questions, our analysis is brief. Mendez Perez does not dispute that he entered the country under the VWP, so he cannot challenge the validity of the waiver of his right to appeal DHS's removal order. And he likewise admits that he has not filed an asylum application, so he does not qualify for the only exception to that waiver. We sympathize with Mendez Perez's desire to return to the United States to support his family and care for his stepson, but under the statutes at issue here and our own precedents, we lack the power to undo his waiver. Having found no exception to Mendez Perez's waiver of his right to challenge DHS's removal order, we must **DENY** his petition.