RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0174p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JORGE MORENO-MARTINEZ,

*Petitioner*,

v.

No. 18-3798

WILLIAM P. BARR, Attorney General,

*Respondent*.

On Petition for Review from a Final Order of the Department of Homeland Security;
No. A 099 996 338.

Decided and Filed:  July 31, 2019

Before: COLE, Chief Judge; GRIFFIN and BUSH, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Sufen Hilf, HILF & HILF, PLC, Troy, Michigan, for Petitioner.  Justin R. Markel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

JOHN K. BUSH, Circuit Judge.  Jorge Moreno-Martinez petitions for review of the order of the Department of Homeland Security ("DHS") reinstating Moreno-Martinez's order of removal.  Moreno-Martinez argues that he was denied due process because he and his counsel did not receive a copy of the reinstatement order and did not have the opportunity to argue against the validity of his underlying removal order.  Moreno-Martinez's constitutional challenge to the reinstatement order has no merit because, even assuming a due-process violation occurred, he has not demonstrated prejudice from that violation.  In fact, there can be no prejudice because

we have no jurisdiction to reopen the underlying removal order, given that Petitioner failed to challenge that order within thirty days of its issuance, as required by 8 U.S.C. § 1252(b)(1). We therefore **DENY** the petition for review.

Moreno-Martinez is a native and citizen of Honduras. He arrived in the United States in 1999, returned to Honduras in 2003, and then reentered the United States in 2004. On January 3, 2007, DHS issued a notice of removal. In a document titled "Notice to Appear," DHS charged Petitioner with violating 8 U.S.C. § 1182(a)(6)(A)(i) because he is "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." That document also ordered Moreno-Martinez to appear on "a date to be set" at "a time to be set." Almost two months later, on February 28, 2007, the immigration court sent Petitioner a "Notice of Hearing in Removal Proceedings." The Notice of Hearing set June 26, 2007, as the initial hearing date for his removal proceedings.

Petitioner then entered removal proceedings, during which he conceded his charges of removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). An immigration judge denied Petitioner's request for asylum, withholding of removal, and relief under the CAT, but granted his additional request for voluntary removal upon payment of a $500 bond. The Board of Immigration Appeals ("BIA") affirmed the immigration judge's decision, denied reinstating the voluntary removal period because of lack of proof that Petitioner paid the bond, and ordered Petitioner to be removed from the United States. Moreno-Martinez did not petition this court for review of the removal order at that time.

Pursuant to the removal order, Moreno-Martinez left the United States on February 24, 2012. He later returned to the United States, and on August 1, 2018, Immigration and Customs Enforcement detained him. On that same day, DHS filed a Notice of Intent to reinstate its previous removal order dated June 17, 2011. This timely petition for review of the reinstatement order followed.

We "treat[] reinstatement orders like removal orders for purposes of our review of them." *Villegas de la Paz v. Holder*, 640 F.3d 650, 654 (6th Cir. 2010) (citations omitted). Accordingly, we review legal questions de novo. *Id.* at 655 (citing *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009)). "[A]dministrative findings of fact," by contrast, "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Moreno-Martinez contends that "DHS violated its own procedures which resulted in severe violation of the Petitioner's right to due process" because "DHS did not provide Petitioner or his counsel a copy of the reinstatement order, nor did they allow him to make a statement contesting the reinstatement determination." Pet'r Br. at 5. According to Petitioner, had DHS given him "the notice of reinstatement and allowed [him] to make a statement, he would have been able to present an argument as to why his underlying removal order was invalid" in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Pet'r Br. at 5–6. Under his theory, the immigration court never had jurisdiction to issue the underlying removal order because his notice to appear lacked specific time-and-date information. As a result, the removal order was void *ab initio*.

Before turning to the crux of Petitioner's argument, however, we address the government's assertion that this court "lacks jurisdiction to review Petitioner's collateral challenge to his prior order of removal." Resp't Br. at 4. The government's argument, given the underlying statutory framework, actually presents us with a two-fold inquiry. First, we must address whether we have jurisdiction to review a reinstatement order in light of 8 U.S.C. §§ 1231(a)(5), 1252(a)(2)(D). And second, if we have such jurisdiction to review the reinstatement order, we must determine whether Moreno-Martinez is entitled to the relief he requests, which in turn would require that this court have jurisdiction to reopen the removal order. As explained below, we have jurisdiction to review Moreno-Martinez's due-process challenge to the reinstatement order because it presents a constitutional issue that we may review under the jurisdictional grant in § 1252(a)(2)(D). We may not, however, grant the relief that Moreno-Martinez seeks because we lack jurisdiction to reopen the underlying removal order. The petition cannot be granted because it is an untimely collateral attack on the validity of the removal order, which is time-barred by 8 U.S.C. § 1252(b)(1).

Our inquiry begins with the two principal statutory provisions relating to our jurisdiction over petitions for review of reinstatement of removal orders: 8 U.S.C. §§ 1231(a)(5) and 1252(a)(2)(D). Ordinarily, if DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). In *Villegas*, however, we joined our sister circuits in holding that 8 U.S.C. § 1252(a)(2)(D) "re-vests the circuit courts with jurisdiction over constitutional claims or questions of law raised in the context of reinstatement proceedings." 640 F.3d at 656. (citations omitted) (listing cases). We therefore have jurisdiction to hear Petitioner's due-process challenge to the reinstatement order. That we have jurisdiction to review the petition, however, does not mean that Petitioner's due-process challenge entitles him to the relief he seeks—that is, the reopening of the underlying removal order. Assuming that a due-process violation occurred, Moreno-Martinez still must show that he was prejudiced by the violation. *See id.*; *Graham v. Mukasey*, 519 F.3d 546, 549 (6th Cir. 2008) ("[W]e need not address the merits of a claim if there is no demonstration of prejudice." (citation omitted)). This in turn requires showing that the alleged error "led to a substantially different outcome from that which would have occurred in the absence of [the] violation[]." *Graham*, 519 F.3d at 550 (citation omitted).

The sole basis for Moreno-Martinez's prejudice argument is that he was denied the opportunity to argue that the immigration judge and the BIA were without jurisdiction to enter the underlying removal order because the Notice to Appear did not include the date and time for the initial hearing date.[1] However, because (as explained below) we lack jurisdiction to review the validity of the removal order, Petitioner's claim must fail; he cannot have been prejudiced by an inability to make arguments to us that we do not have jurisdiction to hear. *Cf. Casillas v. Holder*, 656 F.3d 273, 275 (6th Cir. 2011).

---

[1]To be sure, we would have jurisdiction to review a constitutional claim or question of law relating to his reinstatement proceedings or reinstatement order. *See Ovalle-Ruiz v. Holder*, 591 F. App'x 397, 401 (6th Cir. 2014) (holding there was jurisdiction to review challenge that DHS abused its discretion because it reinstated the removal order without considering all the relevant favorable and unfavorable factors relevant to the exercise of its discretion). But Moreno-Martinez's challenge is different. Moreno-Martinez has framed a question of law that would require us to review the validity of his underlying removal order and thus his challenge ultimately amounts to a collateral attack on the underlying removal order. Indeed, he asks us to "vacate[] the Petitioner's reinstatement order as well as his underlying removal order." Pet'r Br. at 10.

We lack jurisdiction to review Moreno-Martinez's assertion that "the Immigration Court never 'vested' jurisdiction over these proceedings," Pet'r Br. at 8, and vacate the removal order, because that challenge is time-barred. *See* 8 U.S.C. § 1252(b)(1). All petitions for review of final orders of removal "must be filed not later than 30 days after the date of the final order of removal." *Id.*; *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004) (holding that this deadline is "both mandatory and jurisdictional" (quotation marks omitted)); *accord Gor v. Holder*, 607 F.3d 180, 185 (6th Cir. 2010). When DHS reinstates "a prior removal order in illegal reentry cases, DHS does not reissue the prior order (which would restart the 30-day period within which the alien may file a petition for review) but reinstates the prior order 'from its original date.'" *Juarez-Chavez v. Holder*, 515 F. App'x 463, 466 (6th Cir. 2013) (quoting 8 U.S.C. § 1231(a)(5)). Thus, any challenge (collateral or otherwise) filed 30 days after the removal order was filed is untimely and we have no jurisdictional basis to entertain the challenge.[2] Because this collateral challenge to the removal order was filed well after the 30-day deadline passed, we lack jurisdiction to grant Petitioner's proposed remedy—i.e., to reopen the underlying removal order—and therefore his due-process challenge to the reinstatement order lacks merit.[3]

For all these reasons, the petition for review is **DENIED**.

---

[2]We recognize that this court in *Villegas*, 640 F.3d at 656–57, reached the merits of an alien's due-process challenge in the context of a petition for review of a reinstatement order. However, *Villegas* does not control with respect to this jurisdictional issue because it did not address the jurisdictional relationship between the scope of review outlined in § 1252(a)(2)(D) and the 30-day deadline in § 1252(b)(1), which is also mandatory and jurisdictional. *See Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) ("[T]he existence of unaddressed jurisdictional defects has no precedential effect." (citations omitted)); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1988).

[3]As this court has explained previously, "we do not preclude the possibility that an alien could raise a Suspension Clause challenge to § 1252(b)(1) 'where the provision forecloses judicial review of an underlying removal order in a reinstatement proceeding; and where, either due to ineffective assistance of counsel or misconduct by government officials, the alien was prevented from challenging that underlying order and now is barred from reopening his removal proceedings (as a means to challenge that underlying order) because he is subject to reinstatement under § 1231(a)(5).'" *Ovalle-Ruiz*, 591 F. App'x at 400 n.1 (quoting *Juarez-Chavez*, 515 F. App'x at 467); *see also Casillas*, 656 F.3d at 276 (observing that this court reached the merits of the underlying removal order in *Villegas* "given that the government caused the delay"); *cf. Hamama v. Adducci*, 912 F.3d 869, 876 (6th Cir. 2018) ("Congress does not suspend the writ [of habeas corpus] when it strips the courts of habeas jurisdiction so long as it provides a substitute that is adequate and effective to test the legality of the person's detention." (citations omitted)). We reserve judgment on this issue for another day as Moreno-Martinez did not raise it here.